UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                        Case No.  09-36379-BKC-PGH
a Delaware limited partnership, *et al*.,[1]

                                                          (Joint Administration Pending)

        Debtors.
_____/

**DEBTORS' APPLICATION FOR APPROVAL, ON AN INTERIM AND FINAL BASIS,
OF EMPLOYMENT OF BERGER SINGERMAN, P.A. AS COUNSEL FOR DEBTORS
IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

        Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. (collectively, the

"Debtors"), pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules

2014-1(A) and 2016-1(A), hereby file this *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Berger Singerman, P.A. as Counsel for Debtors in Possession*

*Nunc Pro Tunc to  the Petition Date* (the "Application") seeking approval on an interim and final

basis of the employment of the law firm of Berger Singerman, P.A. ("Berger Singerman"), to

represent the Debtors in Possession as general counsel in these cases. In support of the

Application, the Debtors rely upon the *Declaration of Kenneth A. Welt in Support of the*

*Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First Day Declaration")

and the *Declaration of Paul A. Avron, on Behalf of Berger Singerman, P.A. as Proposed Counsel*

*for Debtors-In-Possession* (the "Avron Declaration"), and respectfully represent the following:

---

[1]  The address and last four digits of the taxpayer identification number for each of the Debtors follows in
parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410
(TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN
0680).
2091882-1

## I.    Jurisdiction

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II.    Background

2.    On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

3.    The Debtors are operating their businesses and managing their affairs as debtors-in-possession.  11 U.S.C. §§ 1107(a) and 1108.

4.    For a detailed description of the Debtors and their assets and liabilities, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## III.   Relief Requested and Basis Therefor

5.    By this Application, the Debtors seek the immediate entry of an interim order and a final order on or after December 21, 2009 authorizing the Debtors to employ and retain Berger Singerman as their general bankruptcy counsel in accordance with the terms and conditions set forth herein.

6.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

7.    Bankruptcy Rule 2014(a) requires that an application for retention include:

2091882-1                                                        2

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

8.    Pursuant to the revised Bankruptcy Rule 6003, the Court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.  Bankruptcy Rule 6003, however, does not forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases.  *See, e.g., In re First NLC Fin. Servs, LLC*, 382 B.R. 547 (Bankr. S.D. Fla. 2008) (approving interim retentions of financial advisor and legal counsel on interim basis on the same terms as set forth in the proposed order annexed hereto as Exhibit A within first 20 days of chapter 11 case); *In re TOUSA, LLC, et al.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31 2008) (adopting the reasoning and conclusions of law contained in the order entered in *First NLC*, *supra.*).

9.    First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003.  Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral.  That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted.  Later, after further

opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

10.     Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case…." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

11.     Interim relief is clearly justified and appropriate in the context of this Application. It is well recognized in this circuit and others that a corporate entity must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se*. *See, e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *see also In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.")

12.     Without counsel, the Debtors are technically unable to proceed with this case. Berger Singerman, as the Debtors' counsel, will play an integral role in the first 20 days of this chapter 11 case.  Among other things, the Debtors and their other professionals will require assistance in, among other things, facilitating communications with creditors and other interested parties, and addressing issues related to the "first day" hearing and related orders.

13.     The Debtors believe that it is in the best interest of their estates to retain Berger Singerman as general counsel in these Chapter 11 cases.

14. The Debtors believe that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties.

15. The professional services that Berger Singerman will render include, but are not limited to, the following:

(a)    To give advice to the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

(b)    To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these cases;

(d)    To protect the interests of the Debtors in all matters pending before the Court; and

(e)    To represent the Debtors in negotiations with their creditors and in the preparation of a plan.

### IV.  Berger Singerman's Disinterestedness

16. The Bankruptcy Code allows a debtor, with the Court's approval, to employ one or more attorneys "that do not hold or represent an interest adverse to estate, and that are disinterested persons."  11 U.S.C. § 327(a).

17. To the best of the Debtors' knowledge, except as disclosed in the Avron Declaration attached hereto as **Exhibit A,** neither Paul A. Avron ("Avron") nor Berger Singerman has any connection with the creditors or other parties in interest or their respective

attorneys.  As set forth in the Avron Declaration, to the best knowledge of Avron, neither Avron nor Berger Singerman represents any interest adverse to the Debtors.

18.    The Avron Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Avron and Berger Singerman are disinterested as required by Section 327(a) of the Bankruptcy Code.

19.    Berger Singerman will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors. Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors.

20.    The Debtors seek entry of an order, on an interim basis, approving the employment of Berger Singerman, and scheduling a final hearing to consider the Application.

**WHEREFORE**, the Debtors respectfully request entry of an order, on an interim and final basis, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, approving the Debtors' employment of Berger Singerman, P.A. as general counsel to the Debtors in these cases, *nunc pro tunc* to the Petition Date.

Dated: November 25, 2009                    Respectfully submitted,

PALM BEACH FINANCE PART PARTNERS, L.P..

By: _____
        Kenneth A. Welt, Chief Restructuring Officer

PALM BEACH FINANCE II, L.P.,

By: _____
        Kenneth A. Welt, Chief Restructuring Officer

2091882-1

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated:  November 30, 2009        BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtors in Possession*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone (305) 755-9500
Facsimile (305) 714-4340
*and*
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028

By:   /s/  Paul A. Avron
      Paul Steven Singerman
      Florida Bar No. 378860
      singerman@bergersingerman.com
      Paul A. Avron
      Florida Bar No. 0050814
      pavron@bergersingerman.com

**<u>EXHIBIT A</u>**
**(Avron Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,              Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                (Jointly Administered)

            Debtors.
_____/

## **DECLARATION OF PAUL A. AVRON ON BEHALF OF BERGER**
## **SINGERMAN, P.A. AS PROPOSED COUNSEL FOR DEBTORS-IN-POSSESSION**

1.      I am Paul A. Avron. I am an attorney of the law firm of Berger Singerman, P.A.

("Berger Singerman"). Our firm maintains offices for the practice of law at 200 South Biscayne

Boulevard, Suite 1000, Miami, Florida 33131; 350 E. Las Olas Boulevard, 10th Floor, Fort

Lauderdale, Florida 33301; 125 South Gadsden Street, Suite 300, Tallahassee, Florida 32301 and

2650 North Military Trail, Suite 240, Boca Raton, Florida 33431. I am familiar with the matters set

forth herein and make this Declaration in support of the *Debtors' Application for Approval, on an*

*Interim and Final Basis, of Employment of Berger Singerman, P.A. as Counsel for Debtors in*

*Possession Nunc Pro Tunc to Petition Date* (the "Application").

2.      In support of the Application, I disclose the following:

        (a)     Unless otherwise stated, this Declaration is based upon facts of which I have

personal knowledge.

---

1 The address and last four digits of the taxpayer identification number for each of the Debtors follows in
parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL
33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens,
FL 33410 (TIN 0680).

(b)     In preparing this Declaration, I reviewed a list of all of the creditors of the Debtors, and lists of non-debtor parties to executory contracts and unexpired leases with the Debtors, if any, which were provided to us by the Debtors. I compared the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the creditors of the Debtors. Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman. Because Berger Singerman (formerly Berger Davis & Singerman, P.A. and previously Berger & Davis, P.A.) has been in existence since 1985 and does not maintain computerized records of all cases during those years, it is impossible to state with certainty whether the firm has ever represented any existing creditor of the Debtors.

3.     Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time

2

the information becomes known by persons whose regular duties include recording and maintaining

this information. Lawyers employed by Berger Singerman, including myself, regularly use and rely

upon the information contained in the system in the performance of their duties with the law firm

and in their practice of law.

4.    A search of our firm's conflicts check system revealed the following matters, none of

which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

(A)    As of the Petition Date (as defined in the Application), Berger Singerman represented the Steering Committees for each of the Debtors and the Debtors in connection with restructuring matters through engagement letters dated as of March 2, 2009 and July 28, 2009 signed by the Chairman of the Steering Committees for each of the Debtors and Lewis B. Freeman, as Chief Restructuring Officer for each of the Debtors, respectively. In connection with the voluntary filing of a state court dissolution proceeding (the "State Court Dissolution Proceeding") in respect of Mr. Freeman's firm, Lewis B. Freeman and Partners, Inc. ("LBFP"), which resulted in the appointment of Kenneth A. Welt as Reciever on October 16, 2009, Mr. Freeman resigned as CRO for each of the Debtors on October 15, 2009. Subsequently, on November 12, 2009, Berger Singerman was retained by each of the Debtors, through substitute Chief Restructuring Officer Kenneth A. Welt. Berger Singerman has, since October 16, 2009, and continues to represent Mr. Welt in his capacity as Receiver of LBFP in the State Court Dissolution Proceeding. On November 13, 2009, Mr. Welt, in his capacity as Receiver for LBFP, submitted a resignation for LBFP as Chief Restructuring Officer for the Debtors to the extent that LBFP was (along with Mr. Freeman, individually) appropriately appointed Chief Restructuring Officer for the Debtors.

(B)    Berger Singerman represents and has represented several Chapter 7 trustees, including Kenneth A. Welt, in numerous chapter 7 bankruptcy cases in the Southern District of Florida, the majority of which cases are substantially complete. However, Berger Singerman is not presently aware of any connections that need to be disclosed in respect thereof and represents that if Berger Singerman becomes aware of the existence of such connections, then a supplemental declaration will be filed.

(C)    There are numerous creditors of the Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy case. These creditors include Genesis Capital Partners, XI, LTD., Holland & Knight, LLP, Palm Beach Capital, Scotia Capital, Stillwater Capital Partners, Sterling Management, and Tremont Group Holdings, Inc.

3

5.      Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.      Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

7.      On March 2, 200 9, the Steering Committees (as more fully described in the *Declaration of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* filed contemporaneously herewith (the "Welt Declaration")) for each of the Debtors retained Berger Singerman to advise it in connection with restructuring matters concerning the Debtors.

8.      On July 28, 2009, the Debtors, through then-Chief Restructuring Officer Lewis B. Freeman, retained Berger Singerman to act as their counsel in connection with restructuring matters. After Mr. Freeman's resignation as Chief Restructuring Officer on October 15, 2009, the Debtors, through Kenneth A. Welt, their replacement Chief Restructuring Officer, retained Berger Singerman on November 12, 2009 to act as Debtors' counsel in connection with restructuring matters. Since July 28, 2009, Berger Singerman has provided pre-petition services to the Debtors.

9.      On July 29, 2009, Berger Singerman received payment for services rendered to the Steering Committees in connection with restructuring matters concerning the Debtors as part of a contemplated settlement agreement (the "Settlement Agreement," as more fully described in the

4

2093521-6

Welt Declaration) with the following parties: Bruce F. Prevost, David W. Harrold, Palm Beach Capital Management, L.P., Palm Beach Capital Management, L.L.C. and Palm Beach Capital Corporation (collectively, the "General Partners"), through the IOLTA Trust Account of co-counsel Thomas, Alexander & Forrester LLP in the amount of $40,000.00, of which $34,029.16 was applied to outstanding invoices of Berger Singerman, with the balance of $5,970.84 held in trust by Berger Singerman as a retainer for services to be provided by it to the Debtors. Thereafter, Berger Singerman issued monthly invoices to the Debtors, which have been paid through monies held in trust by Berger Singerman, as follows:

| | |
|---|---|
| Oct. 23, 2009 | $1,646.84 |
| Oct. 23, 2009 | $324.02 |

10.     Berger Singerman has applied the foregoing payments towards payment of its pre-petition fees and expenses, leaving a trust balance of $3,999.98. In addition, on November 16, 2009, Berger Singerman received the sum of $200,000.00 from the Debtors in connection with the Settlement Agreement with the General Partners through the IOLTA Trust Account of co-counsel Thomas, Alexander & Forrester LLP. Berger Singerman applied a portion of this amount ($37,479.40) towards payment in full of its pre-petition fees and expenses. After application of these payments to satisfy all prepetition fees and expenses, Berger Singerman will hold its $166,520.58 fee and cost retainer as security for the fees and costs that may be awarded to it by the Court in these cases.

5

11.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

12.     The current hourly rates for the attorneys at Berger Singerman range from $235.00 to $535.00.  The current hourly rates of Paul Steven Singerman and Paul A. Avron, the attorneys who will be principally responsible for Berger Singerman's representation of the Debtors, are $535.00 and $400.00, respectively.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $75.00 to $185.00.  Berger Singerman typically adjusts its hourly rates annually on January 1st.

13.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

14.     No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

15.     No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

16.     No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

6

2093521-6

17. No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

18. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

19. No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

20. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

21. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

22. This concludes my Declaration.

7

2093521-6

## 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.  Executed on November 30, 2009.

PAUL A. AVRON

8

**EXHIBIT B**
**(Interim Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                 Case No.  09-36396-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                   (Jointly Administered)

     Debtors.
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT OF BERGER SINGERMAN,
P.A. AS COUNSEL FOR THE DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO
PETITION DATE**

       **THIS MATTER** came before the Court on the _____ day of December, 2009 at ___:___

____.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval on an Interim and*

*Final Basis of Employment of Berger Singerman, P.A. as Counsel for Debtors in Possession Nunc*

*Pro Tunc to the Petition Date* (the "Application") (D.E. ____), the *Declaration of Kenneth A. Welt in*

*Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief*  (the "First Day

Declaration") (D.E. ____), and the *Declaration of Paul A. Avron, on Behalf of Berger Singerman,*

2091902-1

*P.A., as Proposed Counsel for Debtors-in-Possession* (the "Avron Declaration") attached to the Application as **Exhibit A**.  The Application requests entry of an order, on an interim and final basis, approving the Debtors-in-Possessions' employment of Berger Singerman, P.A. to represent them as general counsel in these Chapter 11 cases.  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors. The Avron Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.  The Avron Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Paul A. Avron and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a).  Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the Court is authorized to grant the relief requested in the Application.  Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

      **ORDERED** that:

1.      The Application is **GRANTED** on an interim basis.

2.      The employment by the Debtors, as debtors-in-possession, of Berger Singerman, P.A., as general counsel, in these Chapter 11 cases is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending a final hearing as set forth below.

3.      The employment of Berger Singerman, P.A. by the Debtors shall be *nunc pro tunc* to the Petition Date.

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

4.      Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.  Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

5.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on _____ , 2009 at  .m., **United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Courtroom A, West Palm Beach, Florida 33401**.

6.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028
pavron@bergersingerman.com

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

2091902-1

**<u>EXHIBIT C</u>**
**(Final Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                        Case No.  09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                          (Jointly Administered)

      Debtors.

_____/

**FINAL ORDER APPROVING THE EMPLOYMENT OF BERGER
SINGERMAN, P.A. AS COUNSEL FOR THE DEBTORS-IN-POSSESSION
*NUNC PRO TUNC* TO THE PETITION DATE**

      **THIS MATTER** came before the Court on the _____ day of December, 2009 at _____ .m. in

West Palm Beach, Florida, upon the final hearing to consider the *Debtors' Application for Approval,*

*on an Interim and Final Basis, of Employment of Berger Singerman, P.A. as Counsel for Debtors in*

*Possession Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. _____), and the *Declaration*

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2091972-1

*of Paul A. Avron, on Behalf of Berger Singerman, P.A., as Proposed Counsel for Debtors-in-Possession* (the "Avron Declaration") attached to the Application as **<u>Exhibit A</u>**. After conducting a hearing on the Application on December ___, 2009, the Court entered an Order granting the Application on an interim basis (the "Interim Order") (D.E. ____), and set a final hearing on the Application for December ___, 2009.  The Application requests entry of an order approving the Debtors-in-Possession's employment of Berger Singerman, P.A. to represent them as general counsel in these chapter 11 cases.    The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors. The Avron Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.  The Court has reviewed the Avron Declaration which contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Paul A. Avron and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a).   Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the Court is authorized to grant the relief requested in the Application.  Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is **ORDERED** that:

1.      The Application is **GRANTED**.

2.      The employment by the Debtors, as debtors-in-possession, of Berger Singerman, P.A., as general counsel in these chapter 11 cases is **APPROVED** on a final basis pursuant to 11 U.S.C. § 327(a).

2

3.      The employment of Berger Singerman, P.A. by the Debtors shall be *nunc pro tunc* to the Petition Date.

4.      Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.  Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028
pavron@bergersingerman.com

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

3

2091972-1