**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                              Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                                Joint Administration Pending

    Debtors.
_____/

**DEBTORS' APPLICATION FOR APPROVAL, ON AN INTERIM**
**AND FINAL BASIS, OF EMPLOYMENT OF THOMAS, ALEXANDER**
**& FORRESTER, LLP AS SPECIAL LITIGATION COUNSEL TO**
**THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

pursuant to 11 U.S.C. § 327(e), move for the entry of an Order approving the interim and final

employment of Thomas, Alexander & Forrester, LLP ("TAF") as special litigation counsel to the

Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below) and

state:

**I.        Jurisdiction**

1.        This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these

cases and this Application in this district is proper pursuant to 28 U.S.C. § 1408.  The statutory

predicate for the relief requested herein is 11 U.S.C. § 327(e).

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors
follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach
Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm
Beach Gardens, FL 33410 (TIN 0680).

## II.    Background

2.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

3.    The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.    For a detailed description of the Debtors, their assets and liabilities, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First Day Declaration") filed on the Petition Date.

## III.    Retention Application

5.    The Debtors submit this Application for the approval of the employment of TAF as special litigation counsel to the Debtors pursuant to 11 U.S.C. § 327(e), to provide legal services in connection with an ongoing investigation and, if appropriate, prosecution of claims against third parties, in connection with a massive fraud apparently orchestrated by Thomas Petters (the "Petters Fraud"). The Petters Fraud is presently the subject of civil and criminal proceedings filed by the United States of America before the United States District Court for the District of Minnesota,[2] and several Chapter 11 bankruptcy cases before the United States Bankruptcy Court for the District of Minnesota.[3] The Debtors believe that such employment is necessary and in the best interests of the Debtors' estates.

6.    The Debtors have selected TAF because it is qualified to act as special litigation counsel in connection with the ongoing investigation and, if appropriate, prosecution of claims against third parties on behalf of the Debtors in connection with the Petters Fraud. Among other

---

2  Criminal Case: Case CR-08-364 (RHK/AJB); Civil Case: 08-SC-5348 (ADM/JSM).
3  *In re Petters Company, Inc. et al.*, Case No. 08-45247 (Jointly Administered).

things, TAF represented the Steering Committees for each of the Debtors through engagement letters dated as of December 22, 2008. TAF also represented the Debtors prior to the Petition Date in connection with the Petters Fraud in, among other matters, legal proceedings pending before the District and Bankruptcy Courts in Minnesota. TAF already has filed and is pursuing litigation on behalf of the Debtor in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. TAF has also prepared other litigations and are ready to file them on behalf of the Debtors. As a result, TAF is intimately familiar with the matters related to the Petters Fraud, and have already devoted numerous hours addressing issues related thereto.

7.     Further, TAF has extensive experience and knowledge in litigation matters,' including the Bankest matters previously before this Court which also involved the investigation and prosecution of claims against third parties resulting from a massive fraud (which also spawned related civil and criminal proceedings),[4] and are otherwise well qualified to advise the Debtors. Plainly stated, TAF's familiarity and experience in this particular matter are invaluable to the Debtors in their efforts to maximize value for their creditors. Little purpose would be served, and unnecessary expense, duplication of effort and delay would undoubtedly result, if substitute counsel was retained to take over this matter previously handled by TAF.

8.     TAF's pre-petition representation was memorialized by engagement letters dated December 22, 2008 with the Steering Committees of the Debtors, and engagement letters with

---

[4] *In re E.S. Bankest, L.C and Bankest Capital Corp.,* Case No. 04-10941-BKC-AJC (Jointly Administered). At some point in the proceedings Bankest Capital Corp.'s Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code and Soneet R. Kapila was appointed Chapter 7 Trustee. This prior retention was of Steven Thomas, Esq., one of the founders of TAF, and his former law firm, Sullivan and Cromwell, LLP. After Mr. Thomas, with his new partners formed TAF, TAF was substituted in as counsel in connection with the E.S. Bankest, L.C. case. In related litigation, Mr. Thomas served as lead counsel in a state court lawsuit against BDO Seidman, LLP which resulted in  the largest civil judgment against a professional accounting firm in an amount exceeding  $500 million. That judgment is currently on appeal before the Third District Court of Appeal based in Miami.

each of the Debtors dated July 12, 2009 and  November 11, 2009. (the November 11, 2009 engagement letters shall be referred to, collectively, as the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached hereto as **Exhibit A**.

9.     To the best of the Debtors' knowledge, and except as disclosed in the accompanying declaration of Steven W. Thomas (the "Thomas Declaration") which is attached hereto as **Exhibit B**, TAF does not hold or represent any interest adverse to the Debtors, their estates, or their creditors in the matter upon which TAF are proposed to be retained as special litigation counsel in these cases. TAF's prior representation of the Debtors does not preclude their retention as special securities counsel pursuant to 11 U.S.C. § 327(e), inasmuch as TAF do not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which TAF is to be employed.

10.     The Debtors desire to employ TAF upon the same terms and conditions set forth in the Engagement Letter, with respect to fees and reimbursement of costs, except that TAF has agreed to a reduction of its contingency fee to 33% so that the Debtors can retain Gonzalo R. Dorta, P.A. for a 7% contingency fee to act as local counsel.

11.     Specifically, consistent with and pursuant to § 328(a) of the Bankruptcy Code, the Debtors desire to compensate TAF in the following manner: TAF will advance the expenses of litigation and shall receive a 33% interest in the gross proceeds of any recovery  in actions against third parties, plus reimbursement for actual, necessary expenses and other charges incurred by TAF.

12.     The Debtors have sought approval for the retention of Berger Singerman, P.A. as their general bankruptcy counsel in connection with these chapter 11 cases.  The scope of services to be rendered by TAF will not be duplicative of those services to be rendered by Berger

Singerman, P.A., and the services of these counsel will not overlap. The Debtors have also sought approval of the retention of Gonzalo R. Dorta, P.A. ("GRD") as special litigation counsel- GRD will serve as local counsel to TAF in connection with claims against third parties.

13.     The Debtors seek the entry of an order, on an interim and final basis, approving the employment of TAF as special litigation counsel, and scheduling a final hearing to consider this Application.

**WHEREFORE**, the Debtors respectfully request the entry of Orders in the form annexed hereto as **Exhibit C** approving the employment, on an interim and final basis, of TAF on the terms set forth in the Engagement Letter, as special litigation counsel to the Debtors as set forth herein, and granting the Debtors such other and further relief as this Court deems just and proper. Dated: November 30, 2009.

Respectfully submitted,

PALM BEACH FINANCE PARTNERS, L.P.

By: _____
Kenneth A. Welt, Chief Restructuring Officer

PALM BEACH FINANCE II, L.P.

By: _____
Kenneth A. Welt, Chief Restructuring Officer

2463225-2

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: November 30,  2009                    Respectfully submitted,

                                             BERGER SINGERMAN, P.A.
                                             *Proposed Counsel for Debtors in Possession*
                                             200 S. Biscayne Blvd., Suite 1000
                                             Miami, FL 33131
                                             Telephone (305) 755-9500
                                             Facsimile (305) 714-4340
                                             *and*
                                             2650 N. Military Trail, Suite 240
                                             Boca Raton, FL 33431
                                             Telephone:  (561) 241-9500
                                             Facsimile:  (561) 998-0028

                                             By:   */s/  Paul A. Avron*
                                                    Paul Steven Singerman
                                                    Florida Bar No. 378860
                                                    singerman@bergersingerman.com
                                                    Paul A. Avron
                                                    Florida Bar No. 0050814
                                                    pavron@bergersingerman.com

# **EXHIBIT A**

## **(Engagement Letter)**

# Thomas, Alexander & Forrester LLP

14 27th Avenue Venice, CA 90291
Telephone: (310) 961-2536   Facsimile: (310) 526-6852

## Thomas, Alexander & Forrester LLP

14 27th Avenue Venice, CA 90291
Telephone: (310) 961-2536  Facsimile: (310) 526-6852

November 11, 2009

*Via Email and Federal Express*

Kenneth A. Welt
Trustee Services, Inc.
8255 West Sunrise Boulevard - #177
Plantation, Florida 33322

**Re:    ENGAGEMENT LETTER**

Dear Mr. Welt:

We appreciate that you, in your capacity as the Chief Restructuring Officer of Palm Beach Finance Partners, L.P. (the "CRO"), have agreed to retain Thomas, Alexander & Forrester LLP ("TAF") on behalf of Palm Beach Finance Partners, L.P. (the "Fund") on the terms set forth below.

TAF will provide advice and assistance as counsel to investigate and pursue all claims arising from losses or harm suffered by the Fund and its affiliates, including but not limited to claims against any professionals, such as auditors, attorneys and financial advisors, financial institutions, Petters Group Worldwide or its affiliates and professionals, the General Partners and Investment Managers of Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P, including but not limited to Palm Beach Capital Management, L.P. (General Partner), Palm Beach Capital Management, LLC (Investment Manager), and the individuals Bruce F. Prevost and David W. Harrold, together with each of their affiliates, parents, subsidiaries, agents, partners, members, managers, directors, employees, insurers, professionals, successors and assigns.  We will act as lead counsel and we or the CRO will retain such specialists/experts, consultants and local counsel as appropriate with the CRO's consent.

The Fund and the CRO assign to TAF a 40% interest in the gross proceeds of all recoveries, including but not limited to settlement payments, compensatory and punitive damages, restitution and/or insurance recoveries, in any way arising from or related to the Litigation, whether by settlement, litigation, or otherwise.  Gross proceeds shall not include recovery for attorneys' fees.

The Fund, through the CRO, agrees to pay for all costs, disbursements and expenses incurred by TAF or experts, consultants and local counsel retained with the

Kenneth A. Welt                                                                                    -2-

CRO's approval, in connection with the Litigation. Such costs, disbursements and expenses include costs of photocopying, legal research, travel, telephone and facsimile, mail and messengers, expert witnesses, court fees, depositions, hearings, transcripts, and the other third party costs TAF incurs in the course of its work. If TAF advances these costs, TAF shall recover the costs in addition to the contingency fees agreed to in the preceding paragraph and, if not otherwise paid by the Fund, such costs shall be paid out of the proceeds of the gross proceeds of any recovery as defined above.

Pursuant to this agreement, TAF's representation of the Fund and CRO does not include any cross or counter claims asserted against the Fund or CRO or its members, either in or in an action related to the Litigation. If any additional legal matters arise in which TAF will represent the Fund or CRO, TAF and the Fund or CRO shall negotiate a separate engagement agreement.

By executing this agreement, you acknowledge that the Fund and CRO are aware that uncertainty exists concerning the outcome of this matter and that TAF has made no guarantees or representations as to the disposition of any phase of this matter.

This is our entire agreement, and supersedes any other agreements, statements or representations, whether written or oral.

In executing this Agreement, the Fund and CRO are aware that TAF represents or will represent the Joint Steering Committee of Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P., limited partners and investors in such funds and limted partners and investors in Lancelot Investors Fund, L.P. and related funds ("Lancelot"), and other clients concerning claims arising from the Petters fraud and otherwise. The Fund and CRO agree to waive any conflict that has or may arise concerning TAF's representation of such other clients in other matters, including but not limited to matters concerning or arising from the fraud and bankruptcy of Petters Group Worldwide or its affiliates. This waiver includes but is not limited to any conflict that may arise because TAF represents other clients with claims related to the Petters fraud or otherwise and potentially will sue the same defendants on behalf of such other clients that the Fund and the CRO will sue, and that such defendants may have limited funds such that it will be difficult or impossible for such defendants to satisfy fully a judgment obtained by the Fund or the CRO as well as any judgment obtained by other clients of TAF.

Kenneth A. Welt                                                           -3-

        To confirm this agreement, I would appreciate if each of you would execute one copy of this letter, and return it to me.   I look forward to working with you on this matter.

                         Sincerely,

                         Steven W. Thomas

Agreed to:

Kenneth A. Welt
Chief Restructuring Officer
Palm Beach Finance Partners, L.P.

# Thomas, Alexander & Forrester LLP

14 27th Avenue Venice, CA 90291
Telephone: (310) 961-2536   Facsimile: (310) 526-6852

## Thomas, Alexander & Forrester LLP

14 27th Avenue Venice, CA 90291
Telephone: (310) 961-2536  Facsimile: (310) 526-6852

November 11, 2009

*Via Email and Federal Express*

Kenneth A. Welt
Trustee Services, Inc.
8255 West Sunrise Boulevard - #177
Plantation, Florida 33322

**Re:     ENGAGEMENT LETTER**

Dear Mr. Welt:

We appreciate that you, in your capacity as the Chief Restructuring Officer of Palm Beach Finance II, L.P. (the "CRO"), have agreed to retain Thomas, Alexander & Forrester LLP ("TAF") on behalf of Palm Beach Finance II, L.P. (the "Fund") on the terms set forth below.

TAF will provide advice and assistance as counsel to investigate and pursue all claims arising from losses or harm suffered by the Fund and its affiliates, including but not limited to claims against any professionals, such as auditors, attorneys and financial advisors, financial institutions, Petters Group Worldwide or its affiliates and professionals, the General Partners and Investment Managers of Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P, including but not limited to Palm Beach Capital Management, L.P. (General Partner), Palm Beach Capital Management, LLC (Investment Manager), and the individuals Bruce F. Prevost and David W. Harrold, together with each of their affiliates, parents, subsidiaries, agents, partners, members, managers, directors, employees, insurers, professionals, successors and assigns.  We will act as lead counsel and we or the CRO will retain such specialists/experts, consultants and local counsel as appropriate with the CRO's consent.

The Fund and the CRO assign to TAF a 40% interest in the gross proceeds of all recoveries, including but not limited to settlement payments, compensatory and punitive damages, restitution and/or insurance recoveries, in any way arising from or related to the Litigation, whether by settlement, litigation, or otherwise.  Gross proceeds shall not include recovery for attorneys' fees.

The Fund, through the CRO, agrees to pay for all costs, disbursements and expenses incurred by TAF or experts, consultants and local counsel retained with the

Kenneth A. Welt                                                                            -2-

CRO's approval, in connection with the Litigation.  Such costs, disbursements and expenses include costs of photocopying, legal research, travel, telephone and facsimile, mail and messengers, expert witnesses, court fees, depositions, hearings, transcripts, and the other third party costs TAF incurs in the course of its work.  If TAF advances these costs, TAF shall recover the costs in addition to the contingency fees agreed to in the preceding paragraph and, if not otherwise paid by the Fund, such costs shall be paid out of the proceeds of the gross proceeds of any recovery as defined above.

Pursuant to this agreement, TAF's representation of the Fund and CRO does not include any cross or counter claims asserted against the Fund or CRO or its members, either in or in an action related to the Litigation.  If any additional legal matters arise in which TAF will represent the Fund or CRO, TAF and the Fund or CRO shall negotiate a separate engagement agreement.

By executing this agreement, you acknowledge that the Fund and CRO are aware that uncertainty exists concerning the outcome of this matter and that TAF has made no guarantees or representations as to the disposition of any phase of this matter.

This is our entire agreement, and supersedes any other agreements, statements or representations, whether written or oral.

In executing this Agreement, the Fund and CRO are aware that TAF represents or will represent the Joint Steering Committee of Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P., limited partners and investors in such funds and limted partners and investors in Lancelot Investors Fund, L.P. and related funds ("Lancelot"), and other clients concerning claims arising from the Petters fraud and otherwise.  The Fund and CRO agree to waive any conflict that has or may arise concerning TAF's representation of such other clients in other matters, including but not limited to matters concerning or arising from the fraud and bankruptcy of Petters Group Worldwide or its affiliates.  This waiver includes but is not limited to any conflict that may arise because TAF represents other clients with claims related to the Petters fraud or otherwise and potentially will sue the same defendants on behalf of such other clients that the Fund and the CRO will sue, and that such defendants may have limited funds such that it will be difficult or impossible for such defendants to satisfy fully a judgment obtained by the Fund or the CRO as well as any judgment obtained by other clients of TAF.

Kenneth A. Welt                                                                                    -3-

        To confirm this agreement, I would appreciate if each of you would execute one copy of this letter, and return it to me.   I look forward to working with you on this matter.

Sincerely,

Steven W. Thomas

Agreed to:

_____

Kenneth A. Welt
Chief Restructuring Officer
Palm Beach Finance II, L.P.

# **EXHIBIT B**

**(Thomas Declaration)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

IN RE:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                        Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                 Joint Administration Pending

         Debtors.
_____/

## DECLARATION OF STEVEN W. THOMAS, ON BEHALF OF THOMAS, ALEXANDER & FORRESTER, LLP, AS PROPOSED SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION

Steven W. Thomas, a member of the California Bar, being duly sworn, deposes and says:

1.       I am a partner of the law firm of Thomas, Alexander & Forrester, LLP.  Our firm maintains its office at 14 27th Avenue, Venice, California 90291 for the practice of law.  I am familiar with the matters set forth herein and make this declaration in support of the *Debtors' Application for Approval, on an Interim and Final Basis, of Employment of Thomas, Alexander & Forrester, LLP as Special Litigation Counsel to the Debtors in Possession Nunc Pro Tunc to Petition Date*, in the above-captioned cases (the "Application").

2.       I make this Declaration based in material part on my review of a list of the creditors of each of the Debtors (as that term is defined in the Application), Thomas, Alexander & Forrester, LLP's ("TAF") business records, including its conflicts database, and the responses to conflict checks circulated throughout TAF.

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

3.      To the extent that any information disclosed herein requires supplementation, amendment or modification upon TAF's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to the Court.

4.      Prior to the filing of these Chapter 11 cases, TAF served as counsel to the Steering Committees (as more fully described in the *Declaration of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* filed contemporaneously herewith  (the "Welt Declaration")) for each of the Debtors and the Chief Restructuring Officer ("CRO") of the Debtors in miscellaneous matters, most prominently in connection with the Petters Fraud (as that term is defined in the Application and the Welt Declaration) and directly related proceedings pending before the United States District Court and Bankruptcy Court for the District of Minnesota.

5.      Specifically, TAF represented the Steering Committees for each of the Debtors through engagement letters dated as of December 22, 2008.  TAF also represented the Chief Restructuring Officer of the Debtors, Lewis B. Freeman, through engagement letters dated July 12, 2009 signed by Lewis B. Freeman as CRO of the Debtors.  In connection with the voluntary filing of a state court dissolution proceeding in respect of Mr. Freeman's firm, Lewis B. Freeman and Partners, Inc. ("LBFP"), which resulted in the appointment of Kenneth A. Welt as Receiver on October 16, 2009, Mr. Freeman resigned as CRO for each of the Debtors on October 15, 2009. Subsequently, on November 12, 2009, TAF was retained by each of the Debtors, through substitute CRO Kenneth A. Welt. TAF does not represent Mr. Welt in his capacity as Receiver of LBFP.

6.      On July 21, 2009, TAF received a contingent legal fee in the amount of $60,000.00 for prior services rendered to the Steering Committees for the Debtors in connection with the Petters Fraud. Subsequently, as a result of execution of a *Settlement Agreement and*

*Release* involving the Debtors, through their respective Steering Committees and CRO, on the one hand, and formed by the Debtors' common General Partner, Palm Beach Capital Management, L.P. ("PBCP LP"), Bruce F. Prevost, David W. Harrold, Palm Beach Capital Management, L.L.C. and Palm Beach Capital Corporation, on the other hand, TAF received an additional contingent legal fee from the Debtors in the amount of $200,000.00.  Although TAF has spent over $1 million in attorney time developing potential litigation claims on behalf of the Debtors, because of the contingent nature of TAF's fee agreement, as of the filing of these chapter 11 cases, TAF is not a creditor of the Debtors.

7.     The Debtors have requested that TAF advise and assist the Debtors in connection with the Petters Fraud, specifically to investigate and, if appropriate, assert claims against third parties in connection with the Petters Fraud and matters directly related thereto.  TAF has consented to provide such services.

8.     In connection with its proposed retention by the Debtors in these chapter 11 cases, TAF researched its client database to determine whether it had any connections to the following entities: (a) the Debtors; (b) equity holders of the Debtors; and (c) the creditors of the Debtors. Such research indicated that TAF has been or is currently employed by the entities set forth below:

A:     As described in ¶¶ 4 and 5, above, as of the Petition Date (as that term is defined in the Application), TAF represented the Steering Committees and CRO of the Debtors in connection with the Petters Fraud. This prior representation was, initially, by the Debtors' Steering Committees and then by the Debtors through CRO Lewis B. Freeman, and then after Mr. Freeman's resignation as CRO, through replacement CRO Kenneth A. Welt.

B:     TAF represents Agile Group LLC and SkyBell Asset Management LLC, and certain of their affiliates (collectively, "Agile/SkyBell") who invested with the Debtors and lost funds in the Petters Fraud in connection with potential claims against third parties.  The Debtors and Agile/SkyBell have waived in their initial engagement letters with TAF any conflict of interest that might arise from such representations. However, TAF's representations of Agile/SkyBell principally concern claims made pursuant to Agile/SkyBell investments in one or more of the

Petters entities through Lancelot Investors Fund, L.P. and not through the Debtors, and thus involve claims against different third parties.

C.      On November 30, 2009, the Debtors, through TAF, and local counsel Gonzalo R. Dorta, P.A., filed a lawsuit in the Miami-Dade County, Florida Circuit Court against Kaufman, Rossin & Co., P.A., Case No. 09-86048 CA 30. The lawsuit alleges that they Kaufman, Rossin & Co., P.A. performed grossly negligent audits that failed to confirm the Debtors' largest asset and failed to detect a massive fraud resulting in massive losses suffered by the Debtors..

9.      In addition to the foregoing, TAF may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, TAF is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these chapter 11 cases. TAF does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or its estates.

10.     To the best of my knowledge, except as may be set forth above, TAF:

a.      Is not a creditor, equity security holder or insider of the Debtors;

b.      Is not and was not, within two years before the Petition Date a director, officer or employee of the Debtors; and

c.      Does not have any interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of a direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason, with respect to matters wholly unrelated to the matters for which TA&F is to be retained in these chapter 11 cases.

11.     Neither I nor any partner of or professional employed by TAF has agreed to share or will share any of the compensation to be received from the Debtors with any other person other than the partners and regular employees of TAF.

12.     Neither I nor any principal of or professional employed by TAF, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which TAF is being retained.

13.     The Debtors have numerous relationships and creditors.  Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflicts, including the efforts outlined above, TAF is unable to state with certainty whether one of its clients or an affiliated entity may hold a claim or otherwise be a party in interest to these chapter 11 cases.  If, at any time during the period of its proposed employment, TAF discovers any facts bearing on the matters described herein, TAF will supplement the information contained in this Declaration.

14.     Subject to the Court's approval, TAF will charge for its services on a straight contingency fee basis as set forth in the Engagement Letter (as defined in the Application). Because of this fee structure, TAF will not maintain detailed, contemporaneous records of time, although it will maintain a record of actual and necessary expenses incurred in connection with the rendering of legal services described above.

15.     In accordance with section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, TAF hereby discloses that it has not received any payment for services to be rendered by TAF in connection with these bankruptcy cases other than set forth herein.  No promises have been received by TAF or any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. TAF has no agreement with any other entity to share with such entity any compensation received by TAF in connection with these cases.

16.     In the normal course of business, TAF works on various fee models, including a straight contingency. TAF is agreeable to representing the Debtors in connection with legal services as set forth herein and in the Application, upon the following terms and conditions:

a.    TAF will advance expenses and compensation will be payable to TAF on a contingency fee basis, that is, 33% of gross proceeds of all recoveries in actions against third parties, plus reimbursement for actual, necessary expenses and other charges incurred by TAF subject to the filing of appropriate fee applications with the Bankruptcy Court.

17.    This concludes my declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 29, 2009.

STEVEN W. THOMAS

# **EXHIBIT C**

## **(Proposed Order)**

2463225-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,              Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                (Jointly Administered)

      Debtors.
_____/

## INTERIM ORDER APPROVING THE EMPLOYMENT OF THOMAS, ALEXANDER & FORRESTER, LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

**THIS MATTER** came before the Court on the _____ day of December, 2009 at ___:___

___.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Thomas, Alexander & Forrester, LLP  as Special Litigation Counsel*

*to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. ____), the *Declaration*

*of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief*

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL

(the "First Day Declaration") (D.E. ____), the *Declaration of Steven W. Thomas, on Behalf of Thomas, Alexander & Forrester, LLP, as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Thomas Declaration") attached to the Application as **Exhibit B**.  The Application requests entry of an order, on an interim and final basis, approving the Debtors-in-Possessions' employment of Thomas, Alexander & Forrester, LLP ("TAF") to represent them as special litigation counsel in these chapter 11 cases.  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors.  TAF (i) holds no interest adverse to the Debtors, their creditors, the United States Trustee or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which TAF is to be engaged; and (ii) TAF's employment is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

      **ORDERED** that:

1.      The Application is **GRANTED** on an interim basis.

2.      The employment by the Debtors, as debtors-in-possession, of Thomas, Alexander & Forrester, LLP, as special litigation counsel, in these chapter 11 cases is **APPROVED** pursuant to 11 U.S.C.  § 327(e), on an interim basis, pending a final hearing as set forth below.

3.      The employment of Thomas, Alexander & Forrester, LLP by the Debtors shall be *nunc pro tunc* to the Petition Date.

---

33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2

4.      Thomas, Alexander & Forrester, LLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter (as defined in the Application) and the Application, for services rendered and costs incurred on behalf of the Debtors.

5.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on **_____ , 2009 at ___: ___ .m., United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Courtroom A, West Palm Beach, Florida 33401**.

6.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028
pavron@bergersingerman.com

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,          Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                         (Jointly Administered)

        Debtors.
_____/

**FINAL ORDER APPROVING THE EMPLOYMENT OF THOMAS,
ALEXANDER & FORRESTER, LLP AS SPECIAL LITIGATION COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

        **THIS MATTER** came before the Court on the _____ day of December 2009 at ___:___

___.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Thomas, Alexander & Forrester, LLP  as Special Litigation Counsel*

*to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. ____), the *Declaration*

*of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief*

_____

        1 The address and last four digits of the taxpayer identification number for each of the Debtors follows in
parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL

(the "First Day Declaration") (D.E. ____), the *Declaration of Steven W. Thomas, on Behalf of Thomas, Alexander & Forrester, LLP, as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Thomas Declaration") attached to the Application as **Exhibit B**. The Application requests entry of an order, on an interim and final basis, approving the Debtors-in-Possessions' employment of Thomas, Alexander & Forrester, LLP ("TAF") to represent them as special litigation counsel in these chapter 11 cases. The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors. TAF (i) holds no interest adverse to the Debtors, their creditors, the United States Trustee or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which TAF is to be engaged; and (ii) TAF's employment is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

      **ORDERED** that:

1.      The Application is **GRANTED** on a final basis.

2.      The employment by the Debtors, as debtors-in-possession, of Thomas, Alexander & Forrester, LLP, as special litigation counsel, in these chapter 11 cases is **APPROVED** pursuant to 11 U.S.C. § 327(e), on a final basis.

3.      The employment of Thomas, Alexander & Forrester, LLP by the Debtors shall be *nunc pro tunc* to the Petition Date.

---

33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

4.      Thomas, Alexander & Forrester, LLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter (as defined in the Application) and the Application, for services rendered and costs incurred on behalf of the Debtors.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL  33431
Tel. (561) 241-9500
Fax (561) 998-0028
pavron@bergersingerman.com

Copy furnished to:
Paul A. Avron, Esq.
*(Attorney Avron is directed to serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.)*

3