UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,          Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                          (Joint Administration Pending)
        Debtors.
_____/

## DEBTORS' APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDER APPROVING THE EMPLOYMENT OF TRUSTEE SERVICES, INC. AS INTERIM MANAGEMENT FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. (collectively, the "Debtors" or the "Company"), submit this application (the "Application") for entry of an order, pursuant to sections 105(a) and 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), approving the employment of Trustee Services, Inc. ("TSI"), on an interim and final basis, as interim management to the Debtors *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the Declaration of Kenneth A. Welt (the "Welt Declaration"), which is attached hereto as **Exhibit 1** and incorporated herein by reference, and respectfully represent as follows:

_____

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2092297-1

## I.  **Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

## II.  **Background**

3.      On November 30, 2009 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

### III.  **Relief Requested and the Basis Therefor**

4.      By this Application, the Debtors request approval of the employ of TSI as interim management, including providing the services of Kenneth A. Welt ("Mr. Welt") as their Chief Restructuring Officer (the "CRO") pursuant to the terms of the engagement letter effective as of November 9, 2009 (the "Engagement Letter").  A true and correct copy of the Engagement Letter is attached as **Exhibit 2** to the Welt Declaration.  On November 9, 2009, the Company retained TSI to provide interim management services to the Debtors, including providing the services of Mr. Welt as CRO.

5.      Specifically, the Debtors respectfully request entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing the retention of TSI, including temporary employees supporting the CRO (the "Temporary Employees"), to perform those  services that will be necessary during these Chapter 11 cases as more fully described below, and as set forth in the Engagement Letter.

2

## IV. <u>Services to be Rendered</u>

6.      The Debtors anticipate that TSI may render the following services in these

cases:

      a.      Manage operations to effectuate a liquidation of the Company;

      b.      Communicate and/or negotiate with creditors, their advisors, and other outside stakeholders;

      c.      Manage the professionals who are advising and assisting the Debtors' in their bankruptcy proceedings, including special counsel which will be investigating and, if appropriate, prosecuting claims against third parties, to ensure the individual work product is consistent with the Debtors' goals;

      d.      Serve as the representative for the Debtors during communications with federal and state regulatory agencies; and

      e.      Supervise the preparation of periodic reporting required by the Bankruptcy Court and/or the United States trustee, manage the claims reconciliation process, and provide testimony before the Bankruptcy Court on matters that are within TSI's area of expertise; and render such other service as may be deemed necessary as part of the wind-down process; and

7.      Subject to this Court's approval, TSI is willing to serve as the Debtors' interim management and to perform the services described above.

## <u>QUALIFICATIONS OF PROFESSIONALS</u>

8.      The Debtors have employed TSI as interim management since November 9, 2009.  By virtue of its prior engagement, TSI is familiar with the books, records, financial information and other data maintained by the Debtors and is qualified to continue to provide interim management services to the Debtors.  As such, retaining TSI is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

2092297-1

9.      The Debtors have selected TSI, through Mr. Welt, as their CRO because of his diverse experience and extensive knowledge in the field of bankruptcy. Mr. Welt's resume is attached as **Exhibit 3**.

10.     The Debtors also need assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. TSI has considerable experience with rendering such services to Chapter 11 debtors and other parties in numerous Chapter 11 cases. As such, TSI is qualified to perform the work required in these cases.

## PROFESSIONAL COMPENSATION

11.     TSI's requested compensation for professional services rendered to the Debtors will be based upon a rate of $250.00 per hour for the services of the CRO and $75.00 per hour for the services of the Temporary Employees.

12.     The rates included in this Application are TSI's normal and customary rates for matters of this sort. In the normal course of business, TSI revises its hourly rates on January 1st of each year. TSI requests that the rates listed above be revised to the hourly rates that are in effect at the time the services are rendered.

13.     TSI will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

14.     Because TSI is not being employed as a professional under section 327 of the Bankruptcy Code, it will not be submitting quarterly fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, TSI will submit monthly reports of compensation paid. Parties-in-interest shall have the right to object to fees paid when monthly reports of compensation are filed with the Court.

4

15. Prior to the Petition Date, TSI received an advance payment of $100,000.00 from the Debtors. Of that retainer, $7,974.00 has been applied to fees and expenses incurred by TSI prior to the Petition Date and the balance of $92.026.00 will be applied against post-petition fees and expenses, to the extent allowed by the Court. TSI is not a pre-petition creditor of either of the Debtor's estates.

16. Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides in part that a debtor-in-possession "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., In re Gulf States, Steel, Inc.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1983); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtor's conduct.").

17.     The retention of interim corporate officers and other temporary employees is proper under section 363(b) of the Bankruptcy Code. Numerous courts have authorized retention of officers utilizing this provision of the Bankruptcy Code. For example, the United States Bankruptcy Courts for the District of Delaware, the Northern District of Illinois, the Southern District of New York and the Southern District of Florida have approved the retention of temporary employees to provide restructuring services and interim management services under section 363(b) of the Bankruptcy Code. *See In re First NLC Financial Services, LLC, et al.,* Case No. 08-10632 (Bankr. S.D. Fla. Feb. 21, 2008); *In re Levitt and Sons, LLC, et al.,* Case No. 07-19845 (Bankr. S.D. Fla. Nov. 14, 2007); *In re Puig, Inc., et al.,* Case No. 07-14026 (Bankr. S.D. Fla. July 20, 2007); *In re Piccadilly Cafeterias,* Case No. 03-27976 (Bankr. S.D. Fla. Oct. 31, 2003); *In re AT&T Latin America Corp., et al.,* Case No. 03-13538 (Bankr. S.D. Fla. June 11, 2003); *In re Acterna Corp., et al.,* Case No. 03-12837 (Bankr. S.D.N.Y. July 2, 2003); *In re Exide Technologies, Inc., et al.,* Case No. 02-11125 (Bankr. D. Del. May 10, 2002); *In re Kmart Corp., et al.,* Case No. 02-B02474 (Bankr. N.D. Ill. May 22, 2002); and *In re WorldCom Group, et al.,* Case No. 02-13533 (Bankr. S.D.N.Y. Sept. 17, 2002).

18.     The Debtors submit that the employment of TSI under the terms and conditions contained in the Engagement Letter would greatly benefit the Debtors' estates and creditors.

## INDEMNIFICATION

19.     The Debtors have agreed to indemnify TSI as set forth in the Engagement Letter. By this Application, the Debtors seek approval of the terms of the indemnification as set forth in the Engagement Letter.

**WHEREFORE**, the Debtors respectfully request that the Court enter Orders, substantially in the form attached hereto as **Exhibit 4**, (i) granting this Application on an interim and final basis, (ii) authorizing the Debtors to retain and employ TSI as their interim management and to perform the services set forth herein, (iii) designating Mr. Welt as CRO, (iv) approving the indemnification as set forth in the Engagement Letter, and (v) granting such other and further relief as is just and proper.

Dated: November 30, 2009

PALM BEACH FINANCE PARTNERS, L.P.,

By

Name: Kenneth A. Welt
Title:   Chief Restructuring Officer

PALM BEACH FINANCE II, L.P.,

By:

Name: Kenneth A. Welt
Title:   Chief Restructuring Officer

7

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: November 30, 2009                    Respectfully submitted,

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtors in Possession*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone (305) 755-9500
Facsimile (305) 714-4340
*and*
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone: (561) 241-9500
Facsimile: (561) 998-0028

By:   */s/  Paul A. Avron*
          Paul Steven Singerman
          Florida Bar No. 378860
          singerman@bergersingerman.com
          Paul A. Avron
          Florida Bar No. 0050814
          pavron@bergersingerman.com

8

**<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    Chapter 11 Case

PALM BEACH FINANCE PARTNERS, L.P.,                 Case No.
a Delaware limited partnership, et al.,[1]

                                                                          (Jointly Administered)

         Debtor.
_____/

**DECLARATION OF KENNETH A. WELT IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ORDER AUTHORIZING RETENTION OF TRUSTEE
SERVICES, INC. *NUNC PRO TUNC* TO PETITION DATE**

Kenneth A. Welt of Trustee Services, Inc. makes this declaration pursuant to 28 U.S.C. § 1746 and states:

1.      I am a president of the firm of Trustee Services, Inc. ("TSI"). TSI has offices located at 8225 W. Sunrise Blvd., #177, Plantation, FL 33322 and 801 Brickell Ave., Suite 900, Miami, FL 33131. I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *Debtors' Application for Entry of Interim and Final Order Approving the Employment of Trustee Services, Inc. as Interim Management for the Debtors Nunc Pro Tunc to the Petition Date* (the "Application").

2.      In support of the Application, I disclose the following:

      a.      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

      b.      In preparing this Declaration, I reviewed the list of all of the creditors of Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. (collectively, the

---

1 The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2093879-1

"Debtors"). I compared the information obtained thereby with the information contained in our firm's records. The facts stated in this Declaration as to the relationship between other members in our firm and the Debtors, the Debtors' creditors, the United States trustee, other persons employed by the Office of the United States trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of TSI's conflict analysis system.

       c.     Based upon such search, TSI does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of TSI.

       3.     Other than as set forth in this Declaration, TSI neither holds nor is involved in any engagements adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

       4.     The prior Chief Restructuring Officer for the Debtors was Lewis B. Freeman ("Mr. Freeman"). In connection with the voluntary filing of a state court dissolution proceeding in Miami-Dade County Circuit Court (the "State Court Dissolution Proceeding") in respect of Mr. Freeman's firm, Lewis B. Freeman and Partners, Inc. ("LBFP"), Case No. 09-75907 CA 23, which resulted in my appointment as Receiver of LBFP on October 16, 2009, Mr. Freeman resigned as Chief Restructuring Officer for each of the Debtors on October 15, 2009. I continue to serve as Receiver over LBFP.

       5.     On November 9, 2009 the Debtors retained TSI to provide interim management services, including providing my services as Chief Restructuring Officer ("CRO") in connection with a wind-down, inquiry into potential claims against third parties arising from what has been referred to as the "Petters Fraud," and potential chapter 11 filings. Since that date, TSI has provided pre-petition services to the Debtors. As discussed in the *Declaration of Kenneth A. Welt*

                                                    

*in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* filed contemporaneously herewith (the "Welt Declaration"), I understood, however, that based upon the entry of an October 16, 2009 Order appointing me as Receiver in the State Court Dissolution Proceeding[2] I succeeded to LBFP as Chief Restructuring Officer for each of Fund I and Fund II. As such, since October 16, 2009, the date of the Receiver Order, I have been learning about the business of Fund I and Fund II and the Petters Fraud, generally. However, in conjunction with the execution of the November 9, 2009 *Agreement for Services* pursuant to which TSI was retained by the Debtors, I was advised by counsel that I did not become Chief Restructuring Officer of Fund I and Fund II by virtue of the Receivership Order because only individuals, not corporate entities, can serve as corporate officers.

6.    TSI will hold its bankruptcy retainer of $100,00.00, minus fees incurred prior to the filing of the Debtors' bankruptcy cases in the amount of $7,974.00, which fees have been paid in full, leaving a balance of $92,026.00 to stand as security for the fees and costs that may be awarded to TSI by the Court in this case for post-petition services rendered by myself as CRO and any other persons, including administrative staff employed by TSI.

7.    The current hourly rate for TSI's administrative staff is $75.00. The Debtors have agreed to compensate TSI for my services as CRO at $250.00 per hour, subject to increases in this rate as annually adjusted in the ordinary course of business.

8.    There is no agreement of any nature, other than the internal agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by TSI nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

---

2 *Agreed Order Appointing Receiver* dated October 16, 2009 (the "Receiver Order").
2093879-1                                3

9.      No professional of TSI holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

10.     No professional of TSI is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

11.     No professional of TSI is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

12.     No professional of TSI is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

13.     No professional of TSI has any other interest, direct or indirect, that may be affected by the proposed engagement.

14.     Except as forth herein, no professional of TSI has had or presently has any material connection with the Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, on any matters in which TSI is to be engaged, except that I, TSI, and our professionals (i) may have provided services in the past, and may provide services in the future, in other cases or matters in which one or more of said parties may be involved; and (ii) may provide services or may have provided services to certain of the Debtors' creditors in matters unrelated to this case.

15.     This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 30, 2009.

KENNETH A. WELT

2093879-1                                        4

**EXHIBIT 2**



Business Support Services

Operated by United States Bankruptcy Trustee

## AGREEMENT FOR SERVICES

**THIS AGREEMENT** entered into as of November 9, 2009 between Trustee Services, Inc. (herein after referred to as "**Trustee Services**" or the "**Company**") whose address is 8255 West Sunrise Boulevard, 177, Plantation, Florida 33322 and Palm Beach Finance Partners, L.P. ("**Fund I**") and Palm Beach Finance II, L.P. ("**Fund II**," with Fund I, the "**Funds**" or the "**Client**"), whose address is 3601 PGA Blvd., Suite 301, Palm Beach Gardens, FL 33140, through the Steering Committee of Palm Beach Finance Partners, L.P. (the "**Fund I Steering Committee**") and the Steering Committee of Palm Beach Finance II, L.P. (the "**Fund II Steering Committee**," with the Fund I Steering Committee, the "**Steering Committees**," with the Company, the "**Parties**"), respectively.

Trustee Services shall mean Trustee Services, Inc., its servants, agents, employees, licenses and subcontractors and the Funds . shall mean their servants, agents, employees, licenses and subcontractors

The services to be rendered by the Company will commence on November 9, 2009 and continue until either party shall exercise its rights of suspension as set forth below.

**The Terms and Conditions are as follows:**

### Services:

Trustee Services, Inc. agrees to provide Fund I and Fund II with interim management services, including providing Kenneth A. Welt, individually, to serve as Chief Restructuring Officer (the "**CRO**") pursuant to the terms and conditions, and with the powers and authority, set forth in those certain *Certificates of General Partner Resolutions and Incumbency* dated November 6, 2009 (collectively, the "**Certificates**") and executed by David W. Harrold in his capacity as the President of Palm Beach Capital Management, L.P., the General Partner of each of Fund I and Fund II. True and correct copies of the Certificates (without Exhibits) are attached hereto and incorporated herein in their entirety.

### Prices, Charges & Payment:

A. Trustee Services agrees to charge and Client agrees to pay for the services rendered by the Company at the rates stated below:

- $75.00 per hour for general administrative work
- $250.00 per hour for services rendered by Kenneth A. Welt in his capacity as CRO

B. The Client agrees to reimburse the Company for reasonable expenses and this amount shall be included in the billings to the Client.

C. The Company will submit invoices to the Client within ten (10) days of the end of each month. The Client agrees that the amount invoiced is due and payable upon the receipt of this invoice.

D. During the tenure of this Agreement , the company will immediately deliver to the Client any and all of the non-proprietary data and records held by the Company as requested by the Client.

## Confidentiality:

Trustee Services, on behalf of itself and its employees, agrees to keep confidential all records and other information of the Client. The Client agrees to keep all proprietary information of Trustee Services confidential as well.

## Suspension of Service and Termination

This Agreement shall remain in force until termination by either party upon thirty (30) days written notice to the other party, or for cause, in which event no notice shall be required. "Cause" shall mean an act or omission by the Company performed with either gross negligence or wanton misconduct that causes harm to the Client.

In the event that this Agreement is terminated, regardless of the reason, the Company shall cooperate with the Client to maintain an orderly transfer of record keeping functions, if such should prove necessary, and shall provide all necessary staff, services, and assistance required for an orderly transfer. The Client agrees to pay for such services in accordance with Trustee Services' then existing prices for such services.

## Limitations of Liability and Indemnification

The Funds shall indemnify and hold Trustee Services, its officers, employees and agents harmless against any loss, damages, judgments, liabilities and expense (including reasonable legal fees) resulting from action taken or permitted by the Company in good faith with due care and without gross negligence in reliance upon instructions or orders received from  the Client as to anything arising in connection with its performance under this Agreement. Company shall be without liability with respect to any performance or non-performance, in accordance with the terms of this agreement or instructions properly received pursuant hereto, if done in good faith and without gross negligence or willful or wanton misconduct.

## Independent Contractors

Trustee Services and the Client are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationships shall arise, directly or indirectly, as a result of this agreement.

2426665-2

**Notices:**

As to Trustee Services, Inc.

**Trustee Services, Inc.**
c/o Kenneth A. Welt
8255 West Sunrise Boulevard - #177
Plantation, FL  33322

As to Palm Beach Finance Partners, L.P. and
Palm Beach Finance II, L.P.

**Palm Beach Finance Partners, L.P. and
Palm Beach Finance II, L.P.**
c/o Steven W. Thomas, Esq.
Thomas, Alexander & Forrester, LLP
14 27th Avenue
Venice, CA 90291

**Applicable Law:**

The validity, enforceability and performance of this agreement shall be governed by and construed in accordance with the laws of the State of Florida.

**Entire Agreement and Modifications:**

Each part acknowledges that it has read the Agreement, understands the terms and conditions of the Agreement, and agrees to be bound by it. The Parties also agree that it constitutes the complete and exclusive statements between the Parties and it shall be the governing Agreement between them. The Funds, through the Steering Committees, represent that it has the authority to enter into this Agreement and the Agreement is non-dischargeable under any applicable law. If any provision of this Agreement shall be held to be invalid, illegal and unenforceable, the validity legality and enforceability of the remaining provisions shall in no way be affected or impaired. This Agreement may be modified only by a written instrument fully executed by the Parties.

**Assignment:**

This Agreement and the rights hereunder shall not be assignable by the Parties except upon the written consent of the other.

**[Balance of page left blank intentionally]**

2426665-2

**IN WITNESS WHEREOF** the Parties hereto have executed this agreement effective as of the first date mentioned above.

| Agreed To: | Agreed To: |
|---|---|
| For:<br>**Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P.**<br>Date: November 9, 2009<br>Name & Title:<br>Neal Greenberg, in his capacity as Chairman of the Steering Committee for Palm Beach Finance Partners, L.P., and Chairman for the Steering Committee of Palm Beach Finance II, L.P. | For:<br>**Trustee Services, Inc.**<br>Date: November 9, 2009<br>Name & Title:<br>Kenneth A. Welt, President |

2426665-2

## JOINDER AND CONSENT OF GENERAL PARTNER
## OF FUND I AND FUND II TO AGREEMENT FOR SERVICES

Palm Beach Capital Management, L.P. (the "General Partner"), the sole general partner of each of Palm Beach Finance Partners, L.P. ("Fund I") and Palm Beach Finance I, L.P. ("Fund II"), hereby joins in the execution and delivery of the Agreement for Services with Trustee Services, Inc. ("Trustee Services") and hereby ratifies and confirms the engagement of Trustee Services to perform the services for each of Fund I and Fund II as set forth in the Agreement for Services, including providing the services of Kenneth A. Welt to serve as Chief Restructuring Officer for each of Fund I and Fund II.

Executed and agreed to be effective as of November 9, 2009.

**Palm Beach Finance Partners, L.P.**

By:   Palm Beach Capital Management, L.P.,
      Its sole general partner

By: _____
Name: _BRUCE PREVOST_
Title: _MANAGING DIRECTOR_

**Palm Beach Finance II, L.P.**

By:   Palm Beach Capital Management, L.P.,
      Its sole general partner

By: _____
Name: _DAVID HARROLD_
Title: _MANAGING DIRECTOR_

2438113-1

**EXHIBIT 3**

# Kenneth A. Welt, P.A.

U. S.  Bankruptcy
Trustee

Receiver

Turnaround
Specialist

Business
Management



Business People finding Business Solutions to Business Problems

# Kenneth A. Welt, P.A.

# Anchored on Expertise
# Propelled by Excellence

In the real world of businesses that are in a "challenged" state, there is no room for trial and error. Strategic solutions based on solid business expertise are critical to successful outcomes. Ken Welt's singular mission to exceed every client's expectations is based on his unfaltering commitment to managing each business as if it were his own. With a hands-on management style, extensive business credentials, and integrity at the forefront of every case, Ken has earned the reputation as a leading expert in his industry. The Welt portfolio of expertise includes:

- Bankruptcy Trustee
- Interim CEO
- Turnaround management
- Evaluation and disposition of real and personal property
- Estate liquidations
- Receiver in State and United States District Court
- Real estate development



## Strategic Strength from the inside out

From manufacturing, retail and wholesale to entertainment, real estate, etc., Ken's vast experience spanning numerous industries arms him with the power to think and act like an industry expert — no matter what that industry might be. Every success formula is based on the unique characteristics and nuances of each individual business — intensely mastered by Ken, case by case by case. Whether formulating turnaround strategies or liquidation alternatives, Ken personally manages the operation to effect outcomes that optimally benefit all parties concerned.

## Action Backed by Experience

An astute businessman and skilled negotiator, Ken brings to the table an accumulation of years of success stories, told by clients for whom Ken has made a world of difference. Efficiently...promptly...consistently, Ken launches into action, prepared to be "the difference that makes the difference."

### U.S. Bankruptcy Trustee

### Receiver

### Turnaround Specialist

### Business Management

# Kenneth A. Welt, P.A.

# The Welt Difference

Personal involvement from day one...rolling up his sleeves...being at the forefront of each step that takes a client closer to success AND resolution.  These are the Welt hallmarks. A proven motivator and inspiring team builder, Ken has the knack for negotiating difficult situations resulting in positive outcomes. His expert staff, a team of professionals second-to-none, also play an integral role as well in the day-to-day success of each client's case.

## Bottom Line Results Driven by Topnotch Solutions

Twenty years of proven successes translate into a vibrant business based on client referrals — a point of pride for Ken Welt. His passion for excellence has permeated every aspect of his career. A master at turnaround management techniques, Ken has achieved extraordinary success in asset liquidation as well. He has managed and administered more than 30,000 cases in almost every state and Puerto Rico, transforming troubled companies into flourishing operations. He has successfully liquidated assets ranging from professional basketball season tickets to aircraft parts and engine hardware, and from restaurants and equipment to vacant land.

> "Mr Welt has been discharging his duties with the highest degree of professionalism and, throughout, has endeavored to preserve assets for the benefit of investors. I would welcome the opportunity to work with Mr. Welt again and would not hesitate to recommend his services to colleagues."



— J. Cindy Eson
Chief, Branch of Enforcement
Securities and Exchange Commission
Southeast Regional Office



U.S. Bankruptcy Trustee

Receiver

Turnaround Specialist

Business Management

# Kenneth A. Welt, P.A.

## Hyatt Regency Downtown Miami

## Ritz Carlton Hotel & Casino San Juan, Puerto Rico





### Situation:
Hotel had been grounded in Chapter 11 status for more than three years.

### Ken Welt's Role:
Appointed Chapter 11 Trustee by the Office of the United States Trustee/Department of Justice.

### Strategy/Action Steps:
Utilizing his expertise in turnaround management and skills as a formidable mediator, Ken united all parties of interest.

### Outcome:
The mortgage holder funded the hotel's much needed renovations, and now the newly-designed facility is positioned as Downtown Miami's premier hotel and meeting center.

### Situation:
Chapter 11 Bankruptcy

### Ken Welt's Role:
Plan Administrator, responsible for asset reallocation activities.

### Strategy/Action Steps:
Conducted sale of hotel and administered and implemented reorganization plan.

### Outcome:
Creditors were paid and the hotel was repositioned to retain positive cash flow. Today, the property remains a premier destination in Puerto Rico.





**U.S. Bankruptcy Trustee**

**Receiver**

**Turnaround Specialist**

**Business Management**

# Kenneth A. Welt, P.A.

| Miccosukee Resort & Gaming | Burger King® Franchises Gold Coast Partners |



## Situation:
A United States District Court case in which allegations of improprieties and mismanagement were pending.

## Ken Welt's Role:
Conservator, assuming responsibility for daily administration of multi-million dollar gaming facility.

## Strategy/Action Steps:
After a thorough review of the institution's financial condition, Ken instituted improved internal controls, which were instrumental in doubling revenues. He also formed an alliance with the Miccosukee Indians, establishing financial strategies, which included creating scholarships and developing educational programs designed to teach tribal members how to more effectively operate their business.

## Outcome:
In addition to doubling revenues, today Miccosukee tribal and community leaders continue to pursue the goal of successful economic self-sufficiency and self-determination.





## Situation:
Chapter 11 Bankruptcy

## Ken Welt's Role:
Bankruptcy Court appointed to sell 19 BURGER KING® restaurants throughout Miami-Dade, Broward and Palm Beach counties.

## Strategy/Action Steps:
Auction

## Outcome:
Within 30 days, negotiated to sell the business for $7.5 million, resulting in 50% more recovery.

U.S. Bankruptcy Trustee

Receiver

Turnaround Specialist

Business Management

# Kenneth A. Welt, P.A.

## The Jockey Club Resort Hotel & Marina

## Avteam

### Situation:
Chapter 11 Bankruptcy

### Ken Welt's Role:
Chapter 11 Trustee

### Strategy/Action Steps:
Auction, effectively marketed property and sold to a major real estate developer.

### Outcome:
Through reorganization, Ken initiated a course of action that allowed the property to regain lost momentum through rapid identification of critical operational and financial issues.

## Dial-A-Mattress 1-800-Mattress



### Situation:
Chapter 11 Bankruptcy

### Ken Welt's Role:
Chapter 11 Trustee

### Strategy/Action Steps:
Sold company assets and facilitated the company's reorganization.

### Outcome:
Successful resurgence from its Chapter 11 status. In addition to 1-800-MATTRESS, brand name and custom mattress sales via phone orders, the company currently operates subsidiary Mattress.com, and manages retail stores throughout the U.S.



### Situation:
Large aircraft parts and services company in Miami.

### Ken Welt's Role:
Creditor Representative

### Strategy/Action Steps:
Marketed the company for sale in targeted media and auction.

### Outcome:
Even under difficult financial and market-driven circumstances, the company was successfully returned to involved financial institutions, a result that exceeded expectations. Through the liquidation of AVTeam's parts inventory and the selling of aircraft engines through an auction sale of more than $30 million, as well as the awesome task of collecting receivables, Ken facilitated significant distribution to creditors.

U.S. Bankruptcy Trustee

Receiver

Turnaround Specialist

Business Management

# Kenneth A. Welt, P.A.

## Hurst Capital

**Situation:**
Civil injunctive action taken in United States District Court and Bankruptcy Court where Hurst Capital allegedly raised $49 million through a fraudulent offering and Ponzi scheme.

**Ken Welt's Role:**
Full control of the Receivership Defendant. Converted to Chapter 11 Bankruptcy.

**Strategy/Action Steps:**
Marshaled and safeguarded assets and worked diligently to protect the assets of investors.

**Outcome:**
$29 million in benefits was collected and distributed to defrauded investors resulting in a $0.72/$1.00 repayment.

## Hamlet Development/ Biscayne Builders

**Situation:**
Though unrelated companies, both housing developments filed for bankruptcy before the projects were completed. Unfinished houses left homeowners and financial institutions in a precarious state.

**Ken Welt's Role:**
Bankruptcy Trustee

**Strategy/Action Steps:**
Completed and delivered homes to purchasers.

**Outcome:**
Banks and creditors received substantial payment, and homes were completed and available for occupancy.

## Florida West Airline

**Situation:**
Chapter 11 Bankruptcy

**Ken Welt's Role:**
Chapter 11 Trustee

**Strategy/Action Steps:**
Operation of international cargo airline with presence in South and Central America

**Outcome:**
Favorable liquidation of debtor's assets



# Kenneth A. Welt, P.A.

## United States Bankruptcy Trustee
## Receiver
## Turnaround Specialist
## Business Management

- Administered more than 30,000 Chapter 7 and Chapter 11 cases and receiverships.
- Successfully completed extensive background investigation by the Federal Bureau of Investigation, Offices of the U.S. Trustee, United States Justice Department and the Internal Revenue Service.
- Personally bonded with several accredited bonding companies, and approved by the Office of the U.S. Trustee/Department of Justice.

## Receiver
- United States District Court for Southern District of Florida
- Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida

## Securities and Exchange Commission
Appointed Receiver to evaluate and dispose of real and personal property in U.S. District Court.

## Conservator
Miccosukee Indian Gaming Commission Appointed Conservator to operate one of the largest gaming operations in the United States.

## Real Estate Developments
Sunny Isles Beach, Miami Beach, Fort Lauderdale & Hallandale, Florida
Thirty years of experience as a real estate developer and property manager. Licensed Real Estate Broker, Consultant and Licensed Real Estate Instructor in Florida.

## Professional Affiliations
National Association of Real Estate Appraisers
Real Estate Educators Association
Founder, Bankruptcy Trustee Association of the Southern District of Florida
Founder, Region Twenty-One, Bankruptcy Trustee Association
National Institute of Real Estate Consultants
Master Real Estate Consultant
National Association of Bankruptcy Trustees

## Community Affiliations
Chairman, Zoning Appeals Board, Metropolitan Miami-Dade County, Florida
Chairman, Miami-Dade County Hotel Council Political Action Committee
Founding Member, Miami-Dade County Hotel Council
President, Sunny Isles Beach Chamber of Commerce
Member, Concerned Citizens Political Action Committee
Executive Director, Sunny Isles Beach Resort Association
Secretary, Sunny Isles Beach Task Force
Member, Concerned Citizens of Northeast Miami-Dade

## Education
Bachelor of Science Degree, Business Law & Real Estate, 1967
Temple University, Philadelphia, Pennsylvania

## Graduate Studies
University of Pennsylvania, Philadelphia; Nova University, Fort Lauderdale; University of Central Florida, Orlando



# Kenneth A. Welt, P.A.

10,001 Monster Video Stores
All American Insurance Company
Adieus International Travel
Admiral Plastics Corp.
Agricultural Growers Research
American General Corp.
American Recycling of South Florida
Annlenn Video Distributors, Inc.
APL, Inc.
Bayview Diner
Beezil Design of Florida
Best Auto Delivery
Boutique Family Shops
Bretsnyder Metals
Broward Millwork
Can-Do Foliage, Inc.
Carputer Inc.
Caribbean Antilles Distributors
Carpets of Miami
Cascade International
Captain's Quarters Resort Hotel
Chiropractic Centers, Inc.
Classic Design Builders
Coex Air, Inc.
Computer Parts Unlimited
Convex Glass Industries
Crafti Specialty Tools
Cruise Aluminum Products
Cuchi Quality Shoes
D.E. Linardy Hardwood Flooring
Dennison Marine
Designer Builders
Dollar Time Group
Dunhill Exploration
Eastern Mill Work
Easy Towing
Empresa Naviera Santa Ltd.
Evans Affiliates
Evans Paint Stores
Evans Tempcon, Inc.
Florida West Airlines, Inc.
Fourth Century Properties
Fran's Fashions
Fuller Press
Global Maritime Services
Graphic Productions
Graphic Dynamics
Guayama Soda Water, Inc.
Hairmaster Stores
Hagina, Inc.
Hamlet Construction
Hartline Realty
Hill & Strom Produce
Hospital Staffing Services
Hurst Capital
Intercontinental Tile Supply
Intercontinental Import-Export
J. Quijntana Produce Corp.

JB Boutique of California
JB Boutique of Florida
JLF Holdings
JLF Piston Company
Jeans Cosmetics
Jetlease Finance Corp.
Jolie's Books
Just-Rite Lumber
Latino Restaurant
Lauderhill Investments
Levison & Sacks Advertising Group
Lifeforce Realty Co.



Lotus Aerospace
M & G Auto Parts Inc.
Marine Conversion, Inc.
Maternity Fashion Shops
McNew Marine Construction
Mechanical Performance, Inc.
Metropolitan Oil & Chemical
Medibar Medical Industries
Miami Paging & Sound
National Health Guard, Inc.
National Independent Insurance
Agencies, Inc.

Ole, International
Oriental Objects of D'Art, Inc.
Palm Hotel of Key West
Pavlow Company
Pembroke Development Corp.
Peninsula Construction
Petal Hotel Group
Phoenix, Inc.
Pinnacle Travel
Pocket Pagers, Inc.
Pompano Beauty Exchange
Pompano Woodworking
Power Engineering Marine
Quality Furniture
Quest Racing, Inc.
RK Industries, Inc.
RWT Tree and Nursery
Rainbow Mills
Residential Covadonga, Inc.
Residential Mortgage
Rexmere League of Homeowners
Riveria Kitchen Cabinets
Salesworld
Sahara Beach Club Motel Condominium
Sani-Pak Corp.
Schwag Used Cars
Security & Investment Corp.
d/b/a Peoples Mortgage
Sheffield Industries
Shore Haven Motor Inn
S.O. Distributors, Inc.
Southeast Restaurants, Inc.
Specialized Maintenance Services
Stonewall Estates
Stringfellows of Miami
Stuckey's Land Development
T.A.T. Airfreight
T.C. Universal Imports, Inc.
Technical Environmental
Services Corp.
Techno Export
Tennessee Cabinet Company
The Engine Parts Warehouse
Thermoguard, Inc.
Three Oaks Office Building
Trans Samaritan, Inc.
Tucker & Palmer, Inc.
Two K's Furniture
TZO, Inc. d/b/a Burger King
Uni-Chem, Inc.
Video Superstars, Inc.
Villa Sonrise Development
Vinbuild, Inc.
Vinnies Restaurant of Davie
VOC Analytical Inc.
Woodcrafters Cabinetry
World of Auto Parts
Zebon Properties, Inc.



Business People finding Business Solutions to Business Problems

"After having worked on thousands of cases in numerous national and international venues, I find that taking a personal interest in each and every assignment is the secret to success. When you treat a business as if it were your own, it shows in the results."

—Ken Welt

3790 North 28th Terrace • Hollywood, Florida 33020
954-929-8000 • 1-888-TRUSTKW (878-7859) • Fax 954-929-8200
WWW.KAWPA.COM

**EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                        Chapter 11 Cases

PALM BEACH FINANCE PARTNERS, L.P.,            Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*[1],

                                              (Jointly Administered)

       Debtors.
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT OF TRUSTEE
SERVICES, INC. AS INTERIM MANAGEMENT FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

       **THIS MATTER** came before the Court on the _____ day of December 2009 at ____:____

____.m., in West Palm Beach, Florida, upon the application (the "Application") of the debtors and

debtors-in-possession in the above-captioned Chapter 11 cases (the "Debtors"), for entry of an

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

order, pursuant to sections 105(a) and 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), approving the employment of Trustee Services, Inc. ("TSI"), on an interim and final basis, as interim management to the Debtors *nunc pro tunc* to the Petition Date and upon the Declaration of Kenneth A. Welt (the "Welt Declaration"), and the Court being satisfied, based upon the representations made in the Application and the Welt Declaration, that such restructuring management represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice was provided and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

      **ORDERED** that:

    1.      The Application is **GRANTED** and **APPROVED** in all respects.

    2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors' employment of TSI, as their interim management, including providing the services of Kenneth A. Welt as Chief Restructuring Officer, in accordance with the terms of the Engagement Letter,[2] as modified herein, and the Application is **APPROVED**, *nunc pro tunc* to Petition Date, to perform the services set forth in the Application and the Engagement Letter, on an interim basis, pending the final hearing as set forth below.

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

2

3.      The hourly rates of (i) $250.00 set forth in the Application for the services of CRO Kenneth A. Welt, and (ii) set forth in the Application $75.00 for the Temporary Employees, respectively, are **APPROVED**. Both the CRO and the Temporary Employees shall maintain detailed time records.

4.      TSI shall file with the Court, and serve on all parties on the Master Service List, reports of compensation earned and expenses incurred on a monthly basis.  Such reports shall summarize the services provided, and itemize the expenses incurred.  The notice shall provide that any party shall have fifteen (15) days after service of the notice for parties to object to any such fees or expenses.  All compensation and expenses shall be subject to review by the Court in the event an objection is filed.  At the conclusion of the case, or of the services performed by TSI, TSI shall file with the Court, and serve on the parties set forth on the Master Service List, a final report of compensation earned and expenses incurred during the pendency of this case, which shall be in the format set forth above.  The notice shall provide that any party shall have fifteen (15) days after service of the notice for parties to object to any such fees or expenses, and any such objection may be raised notwithstanding the failure to object to the monthly invoices filed by TSI.

5.      The Debtors and their estates shall indemnify and hold harmless TSI, its officers, directors, shareholders, principals, members, managers, employees, affiliates, subcontractors, representatives and agents (collectively, the "TSI Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses of counsel, incurred by or asserted against the TSI Indemnified Parties in connection with or in any way related to TSI's engagement as interim management for the Debtors.

3

2092307-1

6.      All requests of the TSI Indemnified Parties for payment of indemnity pursuant to the Engagement Letter, a copy of which is attached as **Exhibit 2** to the Application and incorporated herein by reference, and this Order shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall the TSI Indemnified Parties be indemnified in the case of their own gross negligence or willful misconduct.

7.      The TSI Indemnified Parties shall not be indemnified if the Debtors or a representative of the estates assert a claim for, and a court determines by final order that such claim arose out of, TSI's own gross negligence, or willful misconduct.

8.      In the event that the TSI Indemnified Parties seek reimbursement for attorneys' fees from the Debtors and the estates pursuant to the Engagement Letter and this Order, the invoices and supporting time records from such attorneys shall be included in TSI's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 105(a) and 363(b) of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.      To the extent that this Order is inconsistent with the Engagement Letter, this Order shall govern.

4

2092307-1

**10.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on December _____, 2009 at ___:___ ___.m. at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Drive, Courtroom A, West Palm Beach, Florida.**

11.      Entry of this Interim Order is without prejudice to the right of any party-in-interest to interpose an objection to the Application, and such an objection will be considered on a *de novo* standard at the Final Hearing.

12.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
Berger Singerman, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Tel. (561) 241-9500
Fax (561) 998-0028
E-mail: pavron@bergersingerman.com

Copy furnished to:
Paul A. Avron, Esq.
*(Attorney Avron is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Cases

PALM BEACH FINANCE PARTNERS, L.P.,                        Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*[1],

                                                          (Jointly Administered)

       Debtors.
_____/

**FINAL ORDER APPROVING THE EMPLOYMENT OF TRUSTEE SERVICES,
INC. AS INTERIM MANAGEMENT FOR THE DEBTORS *NUNC PRO
TUNC* TO THE PETITION DATE**

      **THIS MATTER** came before the Court on the _____ day of December 2009 at ___:___

____.m., in West Palm Beach, Florida, upon the application (the "Application") of the debtors and

debtors-in-possession in the above-captioned Chapter 11 cases (the "Debtors"), for entry of an

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

order, pursuant to sections 105(a) and 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), approving the employment of Trustee Services, Inc. ("TSI") as interim management to the Debtors, including providing the services of Kenneth A. Welt as Chief Restructuring Officer, *nunc pro tunc* to the Petition Date and upon the Declaration of Kenneth A. Welt (the "Welt Declaration"), and the Court being satisfied, based upon the representations made in the Application and the Welt Declaration, that such restructuring management represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice was provided and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

    **ORDERED** that:

1.    The Application is **GRANTED** and **APPROVED** in all respects.

2.    Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors' employment of TSI as their interim management, including providing the services of Kenneth A. Welt as Chief Restructuring Officer (the "CRO"), in accordance with the terms of the Engagement Letter,[2] as modified herein, and the Application is **APPROVED**, *nunc pro tunc* to Petition Date, to perform the services set forth in the Application and the Engagement Letter, on a final basis.

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

3.      The hourly rates of (i) $250.00 set forth in the Application for the services of CRO Kenneth A. Welt, and (ii) set forth in the Application $75.00 for the Temporary Employees, respectively, are **APPROVED**. Both the CRO and the Temporary Employees shall maintain detailed time records.

4.      TSI shall file with the Court, and serve on all parties on the Master Service List, reports of compensation earned and expenses incurred on a monthly basis.  Such reports shall summarize the services provided, and itemize the expenses incurred.  The notice shall provide that any party shall have fifteen (15) days after service of the notice for parties to object to any such fees or expenses.  All compensation and expenses shall be subject to review by the Court in the event an objection is filed.  At the conclusion of the case, or of the services performed by TSI, TSI shall file with the Court, and serve on the parties set forth on the Master Service List, a final report of compensation earned and expenses incurred during the pendency of this case, which shall be in the format set forth above.  The notice shall provide that any party shall have fifteen (15) days after service of the notice for parties to object to any such fees or expenses, and any such objection may be raised notwithstanding the failure to object to the monthly invoices filed by TSI.

4.      The Debtors and their estates shall indemnify and hold harmless TSI, its officers, directors, shareholders, principals, members, managers, employees, affiliates, subcontractors, representatives and agents (collectively, the "TSI Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses of counsel, incurred by or asserted against the TSI Indemnified Parties in connection with or in any way related to TSI engagement as financial advisors to the Debtors.

5.      All requests of the TSI Indemnified Parties for payment of indemnity pursuant to the Engagement Letter, a copy of which is attached as **Exhibit 2** to the Application and incorporated herein by reference, and this Order shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall the TSI Indemnified Parties be indemnified in the case of their own gross negligence or willful misconduct.

6.      The TSI Indemnified Parties shall not be indemnified if the Debtors or a representative of the estates assert a claim for, and a court determines by final order that such claim arose out of, TSI's own gross negligence, or willful misconduct.

7.      In the event that the TSI Indemnified Parties seek reimbursement for attorneys' fees from the Debtors and the estates pursuant to the Engagement Letter and this Order, the invoices and supporting time records from such attorneys shall be included in TSI's own applications (both interim and final) and such invoices and time records shall be subject to the United States trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 105(a) and 363(b) of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.      To the extent that this Order is inconsistent with the Engagement Letter, this Order shall govern.

4

9.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by:</u>
Paul A. Avron, Esq.
Berger Singerman, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Tel. (561) 241-9500
Fax (561) 998-0028
E-mail:  pavron@bergersingerman.com

<u>Copy furnished to:</u>
Paul A. Avron, Esq.
*(Attorney Avron is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

5