UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,        Case No.  09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                            Joint Administration Pending

        Debtors.

_____/

### DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

        Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. (collectively, the "Debtors"), by undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 331, and Local Rule 2016-1(B)(3)(b), file this *Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion") seeking the establishment of procedures for monthly and interim compensation procedures. In support of this Motion, the Debtors rely upon the *Declaration of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First Day Declaration") filed contemporaneously herewith and respectfully represent the following:

### I.        Jurisdiction and Venue

        1.        On November 30, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2.      The Debtors have continued in the possession of their property and are operating and managing their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## II.      Background

4.      For a detailed description of the Debtors and their assets and liabilities, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## III.      Relief Requested and Basis Therefor

5.      The Debtors request the Court to enter an order establishing a procedure for compensating and reimbursing professionals on a monthly basis, comparable to those established in complex Chapter 11 cases in other districts.  In this way, the Court and parties-in-interest can more effectively monitor the fees incurred, and the Debtors will be able to spread out their payments of professional fees, rather than suffer larger depletions to their cash flows on an irregular basis.

6.      In connection with these Chapter 11 Cases, the Debtors are filing applications to retain (i) Trustee Services, Inc. as their interim management; (ii) Berger Singerman, P.A. as their bankruptcy counsel; and (iii) Thomas, Alexander & Forrester, LLP as special litigation counsel. Because of the possibility that the Debtors will seek to employ additional professionals, the process of such professional fee applications may well be burdensome on the Debtors, these professionals and the Court. Thus, implementation of compensation procedures will provide a streamlined and otherwise efficient method for compensating professionals and, as stated, such procedures will allow the Court and parties interest to monitor fees sought by and paid to such professionals.

7.      In summary, the requested monthly compensation procedure would require all

professionals retained with Court approval (the "Professionals") to present to counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors (the "Committee"), if one is established, any other appointed committee, and the United States trustee a detailed statement of services rendered and expenses incurred for the prior month. If no timely objection is filed, the Debtors would promptly pay 80% of the amount of fees incurred for the month, with a 20% holdback, and 100% of out-of-pocket expenses for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process (approximately every 120 days).

8.      The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

a.    On or before the 20th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement upon (i) the Debtors, c/o Trustee Services, Inc., 8225 W. Sunrise Blvd, #177, Plantation, Fl 33322 (Attn: Kenneth A. Welt,  Debtors' Chief Restructuring Officer); (ii)  Debtors' counsel, c/o BERGER SINGERMAN, P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131 (Attn: Paul Steven Singerman, Esq.) and c/o BERGER SINGERMAN, P.A., 2650 N. Military Trail, Suite 240, Boca Raton, FL 33431 (Attn: Paul A. Avron, Esq.); (iii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Room 1204, Miami, FL 33130; and (iv) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if one is established (collectively, the "Application Recipients").

b.    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this procedure is not intended to alter the fee application requirements outlines in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.    Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month.

d.      Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients on the last day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object not only to the portion of the statement that is deemed to be objectionable.

e.      In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below.

f.      If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e). All Professionals subject to these fee procedures shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of court.

g.      Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

h.      All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See paragraph (k) below.

i.      The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.      The first statement shall be served by each of the Professionals by the 20th day of January 2010, and shall cover the period from the Petition Date through December 31, 2009 (the "Initial Statement"). Objections, if any, to the Initial Statement shall be served on the Application Recipients by January 31, 2010. *See* ¶ 11, *infra.*

k.  Unless the Court orders otherwise, each of the Professionals utilizing the procedures described herein shall file interim fee applications, for the amount of fees and costs sought in paragraph 8(e) above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

i.  First Interim Fee Applications may be filed on or before March 31, 2010 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the professionals from the Petition Date through February 28, 2010.

ii.  Second Interim Fee Applications may be filed on or before July 31, 2010 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from March 1, 2010 through June 30, 2010.

iii.  Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

l.  A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

m.  A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

9.  The Debtors will include all payments made to Professionals as contemplated herein in their monthly operating reports, identifying the amount paid to each Professional.

10.  The procedure suggested herein will enable all parties to closely monitor costs of administration, and will enable the Debtors to maintain a more level cash flow availability and

implement efficient cash management.

## IV.    Authority for Relief

11.    Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits . . . ." 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Local Rule 2016-1(B)(3)(b) specifically authorizes the use of interim compensation procedures in larger Chapter 11 cases, like here.  Comparable procedures to those set forth herein have been adopted in other Chapter 11 cases in this district. *See, e.g.*, *In re Gemini Cargo Logistics, Inc., et al.,* Chapter 11 Case No. 08-18173-BKC-PGH (Bankr. S.D. Fla. June 20, 2008); *In re First NLC Financial Services, LLC, et al.,* Chapter 11 Case No. 08-10632-BKC-PGH (Bankr. S.D. Fla. Feb. 13, 2008); *In re Tousa, Inc., et al.*, Chapter 11 Case No.  08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008);  *In re Levitt and Sons, LLC et al.,* Chapter 11 Case No. 07-19845-BKC-RBR (Bankr. S.D. Fla. Nov. 14, 2007); and *In re Gemini Cargo Logistics, Inc.*, *et al,* Chapter 11 Case No. 06-10870-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006).

## V.    Reservation of Debtors' Rights

12.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code § 365. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form annexed hereto as **Exhibit A:** (i) granting this Motion; (ii) authorizing the procedures for compensating and reimbursing professionals as set forth herein; and (iii) granting the Debtors such other and further relief to which they are entitled.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1.

Dated:   November 30, 2009      BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtors in Possession*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340
*and*
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028

By:   /s/  Paul A. Avron
Paul Steven Singerman
Florida Bar No. 387660
singerman@bergersingerman.com
Paul A. Avron
Florida Bar No. 0050814
pavron@bergersingerman.com

**<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                          Case No.  09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                            (Jointly Administered)

      Debtors.
_____/

### ORDER GRANTING DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS</u>

**THIS MATTER** came before the Court on the _____ day of December, 2009 at ___:___

__.m. in West Palm Beach, Florida, upon the *Debtors' Motion for Order Establishing*

*Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for*

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

*Professionals* (the "Motion") (D.E. ___) filed by the above-captioned debtors (collectively, the "Debtors"). The Motion requests the entry of an order establishing a procedure for compensating and reimbursing professionals on a monthly basis.  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

   **ORDERED** that:

1.     The Motion is **GRANTED** *nunc pro tunc* to the Petition Date.[2]

2.     Interim compensation and reimbursement of the Professionals in these cases shall be in accordance with this Order.

3.     Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals retained in the Debtors' Chapter 11 cases may seek monthly compensation in accordance with the following procedures:

      a.    On or before the 20th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement upon (i) the Debtors, c/o [Trustee Services, Inc.; 8225 W. Sunrise Blvd, #177, Plantation, Fl 33322 (<u>Attn</u>: Kenneth A. Welt, Debtors' Chief Restructuring Officer); (ii) Debtors' counsel, c/o BERGER SINGERMAN, P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131 (<u>Attn</u>: Paul Steven Singerman, Esq.) and c/o BERGER SINGERMAN, P.A., 2650 N. Military Trail, Suite 240, Boca Raton, FL 33431 (<u>Attn</u>: Paul A. Avron, Esq.); (iii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Room 1204, Miami, FL 33130; and (iv) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if one is established (collectively, the "Application Recipients").

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

b.        The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlines in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.        Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month.

d.        Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients on the last day of the month in which the statement is received.  The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made.  The objecting party shall attempt in good faith to object not only to the portion of the statement that is deemed to be objectionable.

e.        In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below.

f.        If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).   All Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes.  Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of court.

g.        Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with paragraph (e), that portion of the fee statement which is

no longer subject to an objection.

h.    All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  See paragraph (k) below.

i.    The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.    The first statement shall be served by each of the Professionals by the 20th day of January, 2010, and shall cover the period from the Petition Date through December 31, 2009 (the "Initial Statement").  Objections, if any, to the Initial Statement shall be served on the Application Recipients by January 31, 2010.

k.    Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 3(e) above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

i.    First Interim Fee Applications may be filed on or before March 31, 2010 (the "First Interim Fee Applications").  The First Interim Fee Applications shall represent fees and costs incurred by the professionals from the Petition Date through February 28, 2010.

ii.    Second Interim Fee Applications may be filed on or before July 31, 2010 (the "Second Interim Fee Applications").  The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from March 1, 2010 through June 30, 2010.

iii.    Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period.  All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

l.    A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee

4

application has been filed and heard by the Court.

m.      A determination by the Court that payment of compensation or
        reimbursement of expenses was improper as to a particular monthly
        statement shall not disqualify a Professional from the future payment of
        compensation or reimbursement of expenses as set forth above, unless
        otherwise ordered by the Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly
        compensation and reimbursement as provided herein shall have any effect
        on this Court's interim or final allowance of compensation and
        reimbursement of expenses of any Professionals.

4.      All Professionals subject to this Order need not maintain separate records for
services rendered and disbursements incurred on behalf of each of the Debtors.  Instead, estate
Professionals may maintain consolidated records and file consolidated fee applications for
services rendered and disbursements incurred on behalf of the Debtors. All time records
maintained by estate Professionals and their fee applications shall be in accordance with the
*Guidelines for Fee Applications for Professionals in the Southern District of Florida in
Bankruptcy Cases*.

5.      The Debtors shall include all payments to Professionals on their monthly
operating reports, detailed so as to state the amount paid to each of the professionals.

6.      The Debtors may not make any payments under this Order if the Debtors have not
timely filed monthly operating reports or remained current with their administrative expenses
and 28 U.S.C. § 1930.  Otherwise, this Order shall continue and shall remain in effect during the
pendency of this case unless otherwise ordered by the Court.

7.      All time periods set forth in this Order shall be calculated in accordance with
Bankruptcy Rule 9006(a).

8.      Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtors or the Committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9.      All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: I hereby certify that I am in compliance with the terms of the *Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals*.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028
pavron@bergersingerman.com

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*