**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:                                                   Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                       Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al*.,[1]

                                                         Joint Administration Pending

      Debtors.
_____/

**DEBTORS' APPLICATION FOR APPROVAL, ON AN INTERIM**
**AND FINAL BASIS, OF EMPLOYMENT OF GONZALO R. DORTA, P.A. AS**
**SPECIAL LITIGATION COUNSEL TO THE DEBTORS,** *NUNC PRO*
***TUNC* TO THE PETITION DATE**

      The above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to 11 U.S.C. § 327(e), move for the entry of an Order approving the interim and final employment of Gonzalo R. Dorta, P.A. ("GRD") as special litigation counsel to the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below) and state:

### I.     Jurisdiction

      1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. § 1408.  The statutory predicate for the relief requested herein is 11 U.S.C. § 327(e).

### II.     Background

      2.     On November 30, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

3.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.      For a detailed description of the Debtors, their assets and liabilities, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Kenneth A. Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First Day Declaration") filed on the Petition Date.

### III.    Retention Application

5.      The Debtors submit this Application for the approval of the employment of GRD as special litigation counsel to the Debtors pursuant to 11 U.S.C. § 327(e), to provide legal services in connection with an ongoing investigation and, if appropriate, prosecution of claims against third parties, in connection with a massive fraud apparently orchestrated by Thomas Petters (the "Petters Fraud"). The Petters Fraud is presently the subject of civil and criminal proceedings filed by the United States of America before the United States District Court for the District of Minnesota,[2] and several Chapter 11 bankruptcy cases before the United States Bankruptcy Court for the District of Minnesota.[3] The Debtors believe that such employment is necessary and in the best interests of the Debtors' estates.

6.      The Debtors have selected GRD because it is qualified to act as special litigation counsel in connection with the ongoing investigation and, if appropriate, prosecution of claims against third parties on behalf of the Debtors in connection with the Petters Fraud. GRD will act as local counsel for Thomas, Alexander & Forrester, P.A. ("TAF") which law firm is the subject of a prior special counsel retention application in connection with these same matters. (D.E. 7) GRD previously acted as local counsel with TAF, and its predecessor, Sullivan & Cromwell,

---

2  <u>Criminal Case</u>: Case CR-08-364 (RHK/AJB); <u>Civil Case</u>: 08-SC-5348 (ADM/JSM).
3  *In re Petters Company, Inc. et al.*, Case No. 08-45247 (Jointly Administered).

2

LLC, in litigation against third parties in connection with the E.S. Bankest, L.C. bankruptcy proceedings in this district. *See* (D.E. 7, fn. 4). The proposed compensation to TAF is based on a 33% contingency fee on gross recoveries from third parties. GRD will be compensated for services rendered on a 7% contingency fee on gross recoveries from third parties.

7.      GRD's post-petition representation was memorialized by an engagement letter dated November 30, 2009 (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached hereto as **Exhibit A**.

8.      To the best of the Debtors' knowledge, and except as disclosed in the accompanying declaration of Gonzalo R. Dorta (the "Dorta Declaration") which is attached hereto as **Exhibit B**, GRD does not hold or represent any interest adverse to the Debtors, their estates, or their creditors in the matter upon which GRD is proposed to be retained as special securities counsel in these cases.

9.      The Debtors desire to employ GRD upon the same terms and conditions set forth in the Engagement Letter, with respect to fees and reimbursement of costs.

10.     Specifically, consistent with and pursuant to § 328(a) of the Bankruptcy Code, the Debtors desire to compensate GRD in the following manner: GRD shall receive a 7% contingency fee in the gross proceeds of any recovery in actions against third parties, plus reimbursement for actual, necessary expenses and other charges incurred by GRD.

11.     The Debtors have sought approval for the retention of Berger Singerman, P.A. as their general bankruptcy counsel in connection with these chapter 11 cases. The scope of

services to be rendered by GRD will not be duplicative of those services to be rendered by Berger Singerman, P.A., and the services of these counsel will not overlap. GRD will act as local counsel for TAF and, to the extent their services overlap, the overlap will be kept to an absolute minimum and will be no detriment to the Debtors' estates in that compensation to GRD (as well as TAF) is entirely contingent in nature.

12.     The Debtors seek the entry of an order, on an interim and final  basis, approving the employment of GRD as special litigation counsel, and scheduling a final hearing to consider this Application.

**WHEREFORE**, the Debtors respectfully request the entry of Orders in the form annexed hereto as **Exhibit C** approving the employment, on an interim and final basis, of GRD on the terms set forth in the Engagement Letter, as special litigation counsel to the Debtors as set forth herein, and granting the Debtors such other and further relief as this Court deems just and proper. Dated: November 30,  2009.

Respectfully submitted,

PALM BEACH FINANCE PARTNERS, L.P.

By: _____
Kenneth A. Welt, Chief Restructuring Officer

PALM BEACH FINANCE II, L.P.

By: _____
Kenneth A. Welt, Chief Restructuring Officer

4

2461731-2

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: December 1, 2009              Respectfully submitted,

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtors in Possession*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone (305) 755-9500
Facsimile (305) 714-4340
*and*
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028

By:   */s/  Paul A. Avron*
       Paul Steven Singerman
       Florida Bar No. 378860
       singerman@bergersingerman.com
       Paul A. Avron
       Florida Bar No. 0050814
       pavron@bergersingerman.com

5

# **EXHIBIT A**

## **(Engagement Letter)**

# GONZALO R. DORTA, P.A.

ATTORNEYS AT LAW
334 MINORCA AVENUE
CORAL GABLES, FLORIDA 33134

TELEPHONE (305) 441-2299
TELEFAX (305) 441-8849
E-MAIL: GRD@DORTALAW.COM

November 30, 2009

Kenneth A. Welt
Trustee Services, Inc.
8255 West Sunrise Boulevard, Suite 177
Plantation, Florida 33322

Re:    **ENGAGEMENT LETTER**
       *Palm Beach Finance Partners, L.P. and*
       *Palm Beach Finance II, L.P. v. Kaufman Rossin & Co.*

Dear Mr. Welt:

This letter shall serve to confirm that my firm along with the firm of Thomas, Alexander, & Forrester LLP ("TAF") have been engaged to represent Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. in its claim against Kaufman Rossin & Co. and any other professional, company and/or person who may be liable regarding its losses with respect to its business. Our respective firms will be compensated on a contingency basis under which our firms will divide the applicable contingency fee as follows: 7% of the applicable contingency fee to my firm and the balance of 33% to TAF. The client will be responsible for all litigation related costs including paralegal expenses at the standard hourly rate, court reporters, experts, consultants, and all similar expenses reasonably incurred in connection with this litigation. Such expenses may be advanced by TAF. It is my understanding that TAF will maintain a cost retainer or otherwise be responsible for maintaining the accounting and disbursement of these litigation related expenses.

We will serve as local counsel in this matter and further handle the representation in accordance with the terms of your engagement with TAF.

Please confirm the acceptance of the terms hereof by having the client and/or its authorized representative/trustee sign this engagement in the space provided below and return a fully executed copy to me. I look forward to working with you on this matter.

Sincerely,

Gonzalo R. Dorta

Agreed to:

Kenneth A. Welt
Chief Restructuring Officer
Palm Beach Finance Partners, L.P.
Palm Beach Finance II, L.P.

**<u>EXHIBIT B</u>**

**(Gorta Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:                                                     Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                       Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                          Joint Administration Pending
        Debtors.

_____/

**DECLARATION OF GONZALO R. DORTA, ON BEHALF OF**
**GONZALO R. DORTA, P.A., AS PROPOSED SPECIAL**
**LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION**

        Gonzalo R. Dorta, a member of the Florida Bar, being duly sworn, deposes and says:

        1.      I am a partner and principal of the law firm of Gonzalo R. Dorta, P.A. My firm

maintains its office at 334 Minorca Avenue, Miami, Florida 33134 for the practice of law.  I am

familiar with the matters set forth herein and make this declaration in support of the *Debtors'*

*Application for Approval, on an Interim and Final Basis, of Employment of Gonzalo R. Dorta,*

*P.A. as Special Litigation Counsel to the Debtors in Possession Nunc Pro Tunc to Petition*

*Date*, in the above-captioned cases (the "Application").

        2.      I make this Declaration based in material part on my review of a list of the

creditors of each of the Debtors (as that term is defined in the Application), Gonzalo R. Dorta,

P.A.'s ("GRD") business records, including its conflicts database, and the responses to conflict

checks circulated throughout GRD.

---

[1] The address and last four digits of the taxpayer identification number for each of the Debtors follows
in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach
Gardens, FL 33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm
Beach Gardens, FL 33410 (TIN 0680).

2463255-3

3.      To the extent that any information disclosed herein requires supplementation, amendment or modification upon GRD's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to the Court.

4.      GRD has represented the Debtors prior to the filing of these Chapter 11 cases in an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Kaufman and Rosin, P.A., Case No. 09-86048. Because GRD is being compensated on a contingency fee basis, as of the filing of these chapter 11 cases, GRD is not a creditor of the Debtors.

5.      The Debtors have requested that GRD advise and assist the Debtors in connection with the Petters Fraud (as that term is defined in the Application), specifically to investigate and, if appropriate, assert claims against third parties in connection with the Petters Fraud and matters directly related thereto. GRD has consented to provide such services. GRD has extensive experience in litigating such frauds, including acting as local counsel for  Thomas, Alexander & Forrester LLP on the E.S. Bankest, L.C. matter described in the Debtors' Application seeking to employ Thomas, Alexander & Forrester, LLP as special litigation counsel.

6.      In connection with its proposed retention by the Debtors in these chapter 11 cases, GRD researched its client database to determine whether it had any connections to the following entities: (a) the Debtors; (b) equity holders of the Debtors; and (c) the creditors of the Debtors. Such research indicated that GRD has been or is currently employed by the entities set forth below:

A.      As explained in ¶ 4, above, GRD has represented the Debtors prior to the filing of these Chapter 11 cases in an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Kaufman, Rosin & Co., P.A., Case No. 09-86048 CA 30.

7.      GRD  may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, GRD is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these chapter 11 cases.  GRD does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or its estates.

8.      To the best of my knowledge, except as may be set forth above, GRD:

a.      Is not a creditor, equity security holder or insider of the Debtors;

b.      Is not and was not, within two years before the Petition Date a director, officer or employee of the Debtors; and

c.      Does not have any interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of a direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason, with respect to matters wholly unrelated to the matters for which GRD is to be retained in these chapter 11 cases.

9.      Neither I nor any partner of or professional employed by GRD has agreed to share or will share any of the compensation to be received from the Debtors with any other person other than the partners and regular employees of GRD.

10.      Neither I nor any principal of or professional employed by GRD, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which GRD is being retained.

11.      The Debtors have numerous relationships and creditors.  Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflicts, including the efforts outlined above, GRD is unable to state with certainty whether one of its clients or an affiliated entity may hold a claim or otherwise be a party in interest to these chapter 11 cases.  If, at any time during the period of its proposed employment, GRD discovers any

2463255-3

facts bearing on the matters described herein, GRD will supplement the information contained in this Declaration.

12.    Subject to the Court's approval, GRD will charge for its services on a straight contingency fee basis as set forth in the Engagement Letter (as defined in the Application). Specifically, as explained in the Application, GRD will be compensated on a 7% contingency. Because of this fee structure, GRD will not maintain detailed, contemporaneous records of time, although it will maintain a record of actual and necessary expenses incurred in connection with the rendering of legal services described above.

13.    In accordance with section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, GRD hereby discloses that it has not received any payment for services to be rendered by GRD in connection with these bankruptcy cases other than set forth herein.  No promises have been received by GRD or any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. GRD has no agreement with any other entity to share with such entity any compensation received by GRD in connection with these cases.

14.    In the normal course of business, GRD works on various fee models, including a straight contingency. GRD is agreeable to representing the Debtors in connection with legal services as set forth herein and in the Application, upon the following terms and conditions:

a.    Compensation will be payable to GRD, if at all, on a contingency fee basis, that is, a 7% contingency fee from gross proceeds of all recoveries in actions against third parties, plus reimbursement for actual, necessary expenses and other charges incurred by GRD subject to the filing of appropriate fee applications with the Bankruptcy Court.

15.    This concludes my declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 1, 2009.

_____
GONZALO R. DORTA

# **EXHIBIT C**

**(Proposed Orders)**

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                        Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                          (Jointly Administered)

       Debtors.
_____/

### INTERIM ORDER APPROVING THE EMPLOYMENT OF GONZALO R. DORTA, P.A. AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

**THIS MATTER** came before the Court on the _____ day of December, 2009 at ___:___

___.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Gonzalo R. Dorta, P.A. as Special Litigation Counsel to the Debtors,*

*Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. ____), the *Declaration of Kenneth A.*

*Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First

---

1 The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL

Day Declaration") (D.E. _____), the *Declaration of Gonzalo R. Dorta, on Behalf of Gonzalo R. Dorta, P.A., as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Gorta Declaration") attached to the Application as **Exhibit B**.  The Application requests entry of an order, on an interim and final basis, approving the Debtors-in-Possessions' employment of Gonzalo R. Dorta, P.A. ("GRD") to represent them as special litigation counsel in these chapter 11 cases.  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors.  GRD (i) holds no interest adverse to the Debtors, their creditors, the United States Trustee or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which GRD is to be engaged; and (ii) GRD's employment is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

    **ORDERED** that:

    1.        The Application is **GRANTED** on an interim basis.

    2.        The employment by the Debtors, as debtors-in-possession, of Gonzalo R. Dorta, P.A., as special litigation counsel, in these chapter 11 cases is **APPROVED** pursuant to 11 U.S.C.  § 327(e), on an interim basis, pending a final hearing as set forth below.

    3.        The employment of Gonzalo R. Dorta, P.A. by the Debtors shall be *nunc pro tunc* to the Petition Date.

---

33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2461791-1

4.      Gonzalo R. Dorta, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter (as defined in the Application) and the Application, for services rendered and costs incurred on behalf of the Debtors.

5.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on **_____ , 2009 at ___ : ___ .m., United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Courtroom A, West Palm Beach, Florida 33401**.

6.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028
pavron@bergersingerman.com

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                  Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                      Case No. 09-36379-BKC-PGH
a Delaware limited partnership, *et al.*,[1]

                                                        (Jointly Administered)

      Debtors.
_____/

### FINAL ORDER APPROVING THE EMPLOYMENT OF GONZALO R. DORTA, P.A. AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

**THIS MATTER** came before the Court on the _____ day of December 2009 at ___:___

___.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Gonzalo R. Dorta, P.A. as Special Litigation Counsel to the Debtors,*

*Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. ____), the *Declaration of Kenneth A.*

*Welt in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "First

_____

1 The address and last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Palm Beach Finance Partners, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL

Day Declaration") (D.E. ____), the *Declaration of Gonzalo R. Dorta, on Behalf of Gonzalo R. Dorta, P.A., as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Dorta Declaration") attached to the Application as **Exhibit B**.  The Application requests entry of an order, on an interim and final basis, approving the Debtors-in-Possessions' employment of Gonzalo R. Dorta, P.A. ("GRD") to represent them as special litigation counsel in these chapter 11 cases.  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors.  GRD (i) holds no interest adverse to the Debtors, their creditors, the United States Trustee or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which GRD is to be engaged; and (ii) GRD's employment is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

    **ORDERED** that:

1.        The Application is **GRANTED** on a final basis.

2.        The employment by the Debtors, as debtors-in-possession, of Gonzalo R. Dorta, P.A., as special litigation counsel, in these chapter 11 cases is **APPROVED** pursuant  to 11 U.S.C.  § 327(e), on a final basis.

3.        The employment of Gonzalo R. Dorta, P.A. by the Debtors shall be *nunc pro tunc* to the Petition Date.

---

33410 (TIN 9943); and (ii) Palm Beach Finance II, L.P., 3601 PGA Blvd, Suite 301, Palm Beach Gardens, FL 33410 (TIN 0680).

2461827-1

4.      Gonzalo R. Dorta, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter (as defined in the Application) and the Application, for services rendered and costs incurred on behalf of the Debtors.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul A. Avron, Esq.
BERGER SINGERMAN, P.A.
2650 N. Military Trail, Suite 240
Boca Raton, FL  33431
Tel. (561) 241-9500
Fax (561) 998-0028
pavron@bergersingerman.com

Copy furnished to:
Paul A. Avron, Esq.
*(Attorney Avron is directed to serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.)*