UNITED STATED BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

PALM BEACH FINANCE PARTNERS, L.P.,  CASE NO. 09-36379-PGH
PALM BEACH FINANCE II, L.P.,    CASE NO. 09-36396-PGH
               (Jointly Administered)

   Debtors.

_____/

### LIQUIDATING TRUSTEE'S MOTION FOR COURT ORDER
### AUTHORIZING CONTINUED EMPLOYMENT

 Barry E. Mukamal, in his capacity as liquidating trustee ("***Trustee***") of the Palm Beach Finance Partners Liquidating Trust and Palm Beach Finance II Liquidating Trust ("***PBF Liquidating Trusts***"), files this motion to authorize the continued employment of Meland Russin & Budwick, P.A. ("***MR&B***") and states as follows:

**I.** **General Background of PBF Bankruptcy Case**

 1. On November 30, 2009, Palm Beach Finance Partners, L.P. ("***PBF I***") filed its voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. [ECF No. 1]. On December 1, 2009, this case was jointly administered with the estate of *In re Palm Beach Finance II, L.P.*, Case No. 09-36396-PGH ("***PBF II***," and together with PBF I, the "***Debtors***"). [ECF No. 19].

 2. On January 28, 2010, the Court entered the Agreed Order Directing Appointment of Chapter 11 Trustee and Denying United States Trustee's Motion to Convert Cases to Cases under Chapter 7. [ECF No. 100].

 3. On January 29, 2010, the United States Trustee appointed the Trustee as the chapter 11 trustee of both Debtors. [ECF No. 107].

4.      The Trustee has employed MR&B as his attorneys in these bankruptcy proceedings and related contested matters and adversary proceedings, as approved by the Court on February 12, 2010. [ECF No. 121].

5.      On October 21, 2010, the Court entered its Order Confirming Second Amended Plan of Liquidation [ECF No. 444], creating the Palm Beach Liquidating Trusts and appointing Barry E. Mukamal as the Trustee.   MR&B serves as counsel for the Trustee on behalf of the Palm Beach Liquidating Trusts.

## II. General Background of PCI Bankruptcy Case

6.      In October 2008, Petters Company, Inc. and certain affiliated entities filed for chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Minnesota ("*Petters Bankruptcy Case(s)*").   Thereafter, the Petters Bankruptcy Cases were jointly administered and then (other than one of the cases) substantively consolidated. [ECF Nos. 21; 2098].

7.      On December 24, 2008, Douglas Kelley ("*Trustee Kelley*") was appointed as chapter 11 bankruptcy trustee for the Petters Bankruptcy Cases. [ECF No. 114].   On November 21, 2008, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in the Petters Bankruptcy Cases, of which the Trustee has served as a member for a number of years.

8.      On January 15, 2016, the Trustee, Trustee Kelley and certain other co-plan proponents caused a chapter 11 plan of liquidation ("*Petters Plan*") and a disclosure statement ("*Petters Disclosure Statement*") to be filed in the Petters Bankruptcy Cases. [ECF Nos. 3078; 3079].

9.      On April 15, 2016, the U.S. Bankruptcy Court for the District of Minnesota entered Findings of Fact, Conclusions of Law and Order Confirming the Second Amended

Chapter 11 Plan of Liquidation Dated April 8, 2016 ("***Petters Confirmation Order***"), which confirmed the Petters Plan. [ECF Nos. 3263; 3305].

10.    As more specifically set forth in the Petters Plan, the PCI Liquidating Trust was created with the authority to (among other things) hold and prosecute certain adversary proceedings and contested matters. The Trustee, solely in his capacity as Trustee, is a member of the PCI Liquidating Trust Committee.

11.    The Trustee has filed the Petters Plan and the Petters Confirmation Order in this Bankruptcy Case, under cover of a Notice of Filing. [ECF No. 2873].

12.    Pursuant to the Petters Confirmation Order, the Palm Beach Finance Partners Liquidating Trust has an allowed claim in the amount of 100% of its fraud claims calculated in accordance with applicable law on a cash-on-cash basis in the amount of $85,987,311. Similarly, the Palm Beach Finance II Liquidating Trust holds an allowed claim for 100% of its fraud claims calculated in accordance with applicable law on a cash-on-cash basis in the amount of $565,755,364. In addition, the PBF Liquidating Trusts hold § 502(h) claims in the aggregate amount of $5,103,100.  The PBF Liquidating Trusts have received their initial interim distribution pursuant to the Petters Confirmation Order. [ECF No. 2962]. Any claims that have been or could be asserted by the PCI Liquidating Trust against the PBF Liquidating Trusts were resolved with finality pursuant to the Petters Confirmation Order.

### III. Requested Relief

13.    The PCI Liquidating Trust and Trustee Kelley, as the PCI Liquidating Trustee, has requested that MR&B represent the PCI Liquidating Trust as special counsel in certain matters, as more specifically identified in a legal representation agreement ("***Retention Agreement***"). A copy of the fully executed Agreement is attached as Exhibit A. As more fully

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/4189/4189-1/01819083.DOC.}

stated therein, MR&B will serve as: (1) special counsel for litigation management and oversight; and (2) as co-counsel in the Polaroid-related contested matters and adversary proceedings. The Agreement provides that MR&B's special counsel retention is contingent upon this Court's approval. Fees for services to be paid to MR&B as special counsel to the PCI Liquidating Trust shall be the exclusive responsibility of the PCI Liquidating Trust.

14.    Attached as Exhibit B is the *Supplemental Affidavit*, which provides in pertinent part that MR&B has been engaged to provide the services set forth in the Retention Agreement for the PCI Liquidating Trust and Trustee Kelley. The Supplemental Affidavit further states that, notwithstanding this engagement, MR&B continues to neither hold nor represent any interest adverse to this bankruptcy estate in the matters upon which it is to be employed, is a "disinterested person" as that term is defined by 11 U.S.C. §§101(14) and 327(a), and its continued employment would be in the best interest of the estate and its creditors.

15.    Based on the above and attached, the Trustee requests that this Court enter an Order authorizing the continued employment of MR&B.

WHEREFORE, the Liquidating Trustee requests that the Court grant this Motion, enter an order substantially in the form as in the attached Exhibit C, authorize the continued employment of MR&B, and grant such other and further relief as this Court deems just and proper.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 9, 2016, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

<div style="margin-left:40%">

 s/ Solomon B. Genet     
Michael Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandrussin.com
Solomon B. Genet, Esquire
Florida Bar No. 617911
sgenet@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Barry E. Mukamal,*
*Liquidating Trustee*

</div>



MICHAEL S. BUDWICK
mbudwick@melandrussin.com

# Meland · Russin · Budwick
### ATTORNEYS AT LAW

August 5, 2016

*Via Electronic Mail and U.S. Mail*
Douglas Kelley, as Trustee for the PCI Liquidating Trust
Kelley, Wolter & Scott, P.A.
Centre Village Offices
432 South Seventh Street
Suite 2530
Minneapolis, MN 54415

## LEGAL REPRESENTATION AGREEMENT

**Re: *In re Petters Company, Inc.,* Case No. 08-45257
(substantively consolidated debtors)**

Dear Doug:

We are pleased to confirm that in your capacity as PCI Liquidating Trustee for the PCI Liquidation Trust you have engaged Meland Russin & Budwick, P.A. ("*MRB*") to perform legal services for you in the Petters Company, Inc., Petters Group Worldwide, et al., substantively consolidated bankruptcy cases ("*Bankruptcy Case*"). MRB's retention is pursuant to the terms of the confirmed Plan in the Bankruptcy Case, the PCI Liquidating Trust Agreement and this agreement ("*Agreement*").

We have found that clients generally appreciate a clear statement and agreement regarding the services that we will perform and the basis upon which they will be expected to pay for these services. This letter sets forth our understanding as to the nature and scope of the services we have agreed to render, the amount of our fees for those services, the manner in which our fees will be determined, and the terms on which we will be paid. This letter is not a guaranty on the outcome of your matter and because of the uncertainty of legal proceedings, the interpretation and changes in the law and other unknown factors, the Firm cannot predict the outcome of any case.

1. <u>Nature of Legal Service and Scope of Representation</u>. You have engaged MRB to represent you solely in your capacity as PCI Liquidating Trustee, in the Bankruptcy Case. MRB will serve as special counsel for litigation management and oversight ("*Special LMO Counsel*"). MRB's role will be to: (i) manage, monitor and coordinate your special litigation counsel and supporting professionals in all adversary proceedings in the Bankruptcy Case ("*Adversary Cases*"), with the exception of any litigation against any transferees of Metro Gem, Inc.; (ii) work with your special counsel to manage the mediation process for the Adversary Cases; and (iii) report and provide global updates to you and the Committee as to the Adversary Cases. MRB will not serve as lead counsel for any specific litigation matter, unless separately agreed.[1] MRB will communicate with you and /or the PCI Liquidating Trust Committee on a regular basis, either directly or through general counsel (David Runck, Esq.). The attorneys at MRB who will have primary responsibility for this role will be Michael Budwick and Solomon Genet.

In addition, MRB will serve as co-counsel with Barnes & Thornburg LLP to represent you in any contested matters with John Stoebner, as Trustee for Polaroid Corporation and its affiliated Debtors

---

[1] MRB will have no role in connection with the BMO Litigation Trust.

Meland Russin & Budwick, P.A.
3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 · P 305-358-6363 · F 305-358-1221 · melandrussin.com

EXHIBIT A

Douglas Kelley
Kelley, Wolter & Scott, P.A.
August 5, 2016
Pg. 2



(collectively, "*Polaroid*"), Case No. 08-46617 (KHS) pending before the United States Bankruptcy for the District of Minnesota. These contested matters will include any matters related to any claims asserted by you or Polaroid against one another. The attorneys at MRB who will have primary responsibility for this role will be Peter Russin and James Moon.

    2.    <u>No Guaranty</u>. MRB agrees to provide conscientious, competent and diligent services and at all times will seek to achieve solutions which are just and reasonable for the PCI Liquidation Trust. However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case.

    3.    <u>Fee for Services</u>. MRB will charge for our services on the basis of our standard hourly rates, as in effect from time to time, based on the time records kept by us. It is our practice to charge for actual time expended on your behalf, but not less than .1 hours per telephone call or other service. Our hourly rates at the present time for those persons who we anticipate working on your behalf are as follows:

| | |
|---|---|
| Michael Budwick | $650 |
| Peter Russin | $650 |
| Solomon Genet | $525 |
| James Moon | $495 |
| Paralegals | $150 - $230 |

These rates may adjust in January of each year and new rates may apply thereafter.

    4.    <u>Retainer</u>. MRB does not request a retainer.

    5.    <u>Costs</u>. In connection with our engagement, we anticipate that certain expenses may be incurred and advanced by us on your behalf. These expenses may include, but are not limited to, our actual costs for expenses such as filing fees, out of town travel expenses, delivery charges, special postage (overnight courier services, express mail, certified mail, etc.), and photocopies. All charges for costs will be in compliance with applicable governing authority.

    6.    <u>Payment of Fees and Costs</u>. Bills will be rendered for the time and expenses incurred on your behalf, and you are responsible for payment solely in your capacity as PCI Liquidating Trustee. Notwithstanding anything else in this Agreement, (1) payment will be made by You from the PCI Liquidating Trust and not from your personally; and (2) as described in Section 8.17 of the Plan, the Firm will submit quarterly advance budgets, with monthly detail, to the PCI Liquidating Trust Committee.

    7.    <u>Records Retention</u>. In the course of representing you, it is likely that records and documents (originals and copies) will come into our possession and numerous additional documents will be generated by us. Naturally, you may examine any written materials in our files at any time we agree prior to the termination of our representation, but you acknowledge that all of our work product is owned by us. Upon the termination of our representation in connection with this engagement, we will retain our files for at least two years, after which any written materials not returned to you may be destroyed by us. Your execution of this agreement constitutes your consent to this procedure.

    8.    <u>Commencement of Representation</u>. If this Agreement is acceptable, please acknowledge your understanding and agreement by signing, dating and returning a copy of this Agreement to us. The

Douglas Kelley
Kelley, Wolter & Scott, P.A.
August 5, 2016
Pg. 3



representation will commence upon receipt of this executed Agreement. We note that the representation is contingent on approval by the Bankruptcy Court in *In re Palm Beach Finance Partners, L.P.*, Case No. 09-36379-PGH (jointly administered), U.S. Bankruptcy Court for the S.D. Florida (*"PBF Bankruptcy Case"*). The Firm will seek approval of this representation in the PBF Bankruptcy Case promptly after receiving the executed Agreement.

9.    Conflicts of Interest. As you are aware, the Firm represents Barry Mukamal, as Liquidating Trustee of the Palm Beach Liquidating Trusts in the PBF Bankruptcy Case and a member of the PCI Liquidating Trust Committee. We perceive no conflict as to MRB's retention pursuant to this Agreement based on this representation, and your execution below reflects your agreement. Moreover, the Firm (1) does not currently represent any person or entity directly adverse to You or the PCI Liquidating Trust, including but not limited to parties to adversary proceedings or contested matters in this Bankruptcy Case; and (2) will not represent any person or entity directly adverse to You or the PCI Liquidating Trust, including but not limited to parties to adversary proceedings or contested matters in this Bankruptcy Case, without first obtaining your informed, written consent.

10.    Termination. You have the right to terminate the Firm's representation at any time, but the provisions of this Agreement related to payment and collection of fees and costs will not terminate. The Firm will have the same right to terminate its representation, subject to the Firm's obligation to give you reasonable notice to arrange other representation.

11.    Waiver. A party's failure to insist on compliance or enforcement of any provision of this Agreement shall not affect the validity or enforceability or constitute a waiver of future enforcement of that provision or of any other provision of this Agreement by that party or any other party.

12.    Amendments. This Agreement may be amended at any time by mutual consent of the parties, with any such amendment to be unenforceable unless in writing, signed by the Firm and You.

13.    Applicable Law. This Agreement shall be governed for all purposes by the laws of the State of Florida. If any provision of this Agreement is declared void, such provision shall be deemed severed from this Agreement, which shall otherwise remain in full force and effect.

14.    Jurisdiction and Venue. Any dispute arising from or relating to this Agreement shall be resolved by the Minnesota Bankruptcy Court administering the Bankruptcy Case.

15.    Disclaimer Regarding Tax Consequences. Please be advised that the Firm is not tax counsel and will not provide you with any advice regarding any of the tax consequences associated with the resolution of the matters related to our retention. To determine any such tax consequences or implications, you should consult your particular tax advisor. A non-exclusive list of matters that you may wish to discuss with your tax advisor would be the implications of cancellation of debt income, the tax consequences of a "short sale" of a parcel of real estate as opposed to a foreclosure, how foreclosures (and deeds in lieu of foreclosure) are taxed. By executing this Agreement you acknowledge that you have read and understood the contents of this paragraph.

Douglas Kelley
Kelley, Wolter & Scott, P.A.
August 5, 2016
Pg. 4



   We appreciate your confidence in MRB and we assure you that we shall make every effort to perform our services in a prompt and efficient manner.

<div align="center">

Sincerely,

Michael Budwick

</div>

cc:  PCI Liquidating Trust Committee (by e-mail)
     Ron Peterson, Barry Mukamal, Charles Cremens, Michael Stern and Lance Breiland
  David Runck, Esq.
  Solomon Genet, Esq.

Meland Russin & Budwick, P.A. is retained on the terms and conditions described above.

REVIEWED, ACKNOWLEDGED, AGREED-TO
AND ACCEPTED on August 9, 2016.

Douglas A. Kelley, solely in his capacity as PCI Liquidating Trustee with the approval of the PCI Liquidating Trust Committee as set forth in Section 8.17 of the Plan.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

PALM BEACH FINANCE PARTNERS, L.P.,                  Case No.: 09-36379-PGH
PAL BEACH FINANCE II, L.P.,                         Case No.: 09-36396-PGH
                                                    (Jointly Administered)
                    Debtors.
_____/

### SUPPLEMENTAL AFFIDAVIT

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE      )

      Michael S. Budwick, being duly sworn, says:

      1.     I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Courts for the Southern and Middle Districts of Florida.

      2.     I am a shareholder with the law firm of Meland Russin & Budwick, P.A. (the "Firm") with offices located at 3200 Southeast Financial Center, 200 S. Biscayne Blvd., Miami, Florida 33131.

      3.     Subject to this Court's approval, the Firm has been engaged to represent the PCI Liquidating Trust and Trustee Douglas Kelley, as: (1) special counsel for litigation management and oversight; and (2) co-counsel in the Polaroid-related contested matters and adversary proceedings; as more fully set forth in the Retention Agreement. Fees for services to be paid to MR&B as special counsel to the PCI Liquidating Trust shall be the exclusive responsibility of the PCI Liquidating Trust.

EXHIBIT B

4.      Pursuant to the Petters Confirmation Order, the Palm Beach Finance Partners Liquidating Trust has an allowed claim in the amount of 100% of its fraud claims calculated in accordance with applicable law on a cash-on-cash basis in the amount of $85,987,311. Similarly, the Palm Beach Finance II Liquidating Trust holds an allowed claim for 100% of its fraud claims calculated in accordance with applicable law on a cash-on-cash basis in the amount of $565,755,364. In addition, together the PBF Liquidating Trusts hold § 502(h) claims in the aggregate amount of $5,103,100. The PBF Liquidating Trusts have received their initial interim distribution pursuant to the Petters Confirmation Order as set forth in the Notice filed in this Bankruptcy Court on July 20, 2016. [ECF No. 2962]. All claims that have been or could be asserted by Trustee Kelley against the PBF Liquidating Trusts have been resolved with finality pursuant to the Petters Confirmation Order.

5.      Our existing representation of the PBF Liquidating Trustee and the proposed representation of Trustee Kelley does not constitute a conflict of interest with regard to the PBF Liquidating Trustee. We remain disinterested persons as to the PBF Liquidating Trusts as required by 11 U.S.C. 327(a).

6.      The PBF Liquidating Trusts has filed adversary complaints against a number of parties against whom the PCI Liquidating Trust has also asserted claims. The PBF Liquidating Trusts have settled a number of those cases and some remain pending. The PBF Liquidating Trust does not expect to file any additional adversary proceedings against any parties that are the subject of pending actions by Trustee Kelley. If for any reason that changes then a further supplemental affidavit will be filed with the Court.

7.      Except for the performance of services for the Liquidating Trustee and other matters identified herein and other matters as set forth in Trustee's application [ECF No. 115]

2

and the affidavit attached thereto, I do not and will not represent any other entity in connection with this case, and I will not accept any fee from any other party or parties in this case in connection with my work in the instant case.

FURTHER AFFIANT SAYETH NAUGHT.

MICHAEL S. BUDWICK, ESQ.

Sworn to and Subscribed before me
August _____ 9 _____, 2016.

_____
Notary Public, State of Florida

My Commission Expires:

{Firm Clients/4189/4189-1/01819188.DOC.}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:
PALM BEACH FINANCE PARTNERS,                    Chapter 11
L.P., a Delaware limited partnership, et al.,

      Debtors,                                 CASE NO. 09-36379-BKC-PGH
_____/                (Jointly Administered)

## ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR
## COURT ORDER AUTHORIZING CONTINUED EMPLOYMENT

    **THIS MATTER** came before the Court on _____, upon the

*Liquidating Trustee's Motion for Court Order Authorizing Continued Employment* (the

"***Motion***") [ECF No. _____].[1] The Court reviewed the Motion, considered the arguments of

counsel and is otherwise duly advised in the premises.  Accordingly, it is

    **ORDERED** as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

1

EXHIBIT C

1.    The Motion is **GRANTED**.

2.    MR&B's continued employment and retention is approved by the Court.

3.    The Court retains jurisdiction to enforce or interpret this Order.

### 

Submitted By:

SOLOMON B. GENET
Fla. Bar No. 617911
sgenet@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
Attorneys for the Liquidating Trustee

Copies to:
Solomon B. Genet, Esq.
(Attorney Genet is directed to mail a conformed copy of this Order upon all interested parties
and to file a certificate of service.)

2

## Mailing Information for Case 09-36379-PGH

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Melissa Alagna**   mma@gordichalagna.com, mtijerino@hollywoodfl.org
- **Vincent F Alexander**   vfa@kttlaw.com, lf@kttlaw.com
- **Paul A Avron**   pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mday@bergersingerman.com
- **Scott L. Baena**   sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Marc P Barmat**   sscott@furrcohen.com, mbarmat@furrcohen.com;atty_furrcohen@bluestylus.com
- **Rachel K Beige**   rachel.beige@csklegal.com, joseph.valdivia@csklegal.com
- **Sean M. Berkowitz**   sean.berkowitz@lw.com,
  chefiling@lw.com;roger.schwartz@lw.com;russell.mangas@lw.com;robert.malionek@lw.com;megan.fitzpatrick@lw.com;barbara.pipchok@lw.com;alicia.davis@lw
- **Steven M Berman**   sberman@slk-law.com, bgoodall@slk-law.com
- **Mark D. Bloom**   bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- **Ira Bodenstein**   ibodenstein@shawgussis.com
- **Noel R Boeke**   noel.boeke@hklaw.com, wendysue.henry@hklaw.com
- **Michael S Budwick**   mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Michael S Budwick**   mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Dennis M. Campbell**   dcampbell@campbelllawfirm.net, gschmied@campbelllawfirm.net
- **Rilyn A Carnahan**   rilyn.carnahan@gmlaw.com,
  efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolz
- **Francis L. Carter**   flc@flcarterpa.com
- **Francis L. Carter**   flc@katzbarron.com
- **Francis L. Carter**   flc@katzbarron.com
- **Lisa M. Castellano**   lcastellano@bplegal.com, kmurphy@bplegal.com;aglatkowski@bplegal.com
- **Helen Davis Chaitman**   jgorchkova@beckerny.com;lblanco@beckerny.com;cdavis@beckerny.com
- **Helen Davis Chaitman**   hchaitman@beckerny.com, jgorchkova@beckerny.com;lblanco@beckerny.com;cdavis@beckerny.com
- **Franck D Chantayan**   franck@chantayan.com
- **Daniel DeSouza**   ddesouza@desouzalaw.com
- **John R. Dodd**   doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- **John D Eaton**   jeaton@shawde-eaton.com, sramirez@shawde-eaton.com
- **Darren D. Farfante**   darren.farfante@bipc.com, Denise.Strand@bipc.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Jonathan S. Feldman**   jfeldman@pbyalaw.com, eservicemia@pbyalaw.com
- **G Steven Fender**   efileu1113@gmlaw.com,
  efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.sto
- **David S Foster**   chefiling@lw.com
- **Robert G Fracasso Jr**   rfracasso@shutts.com, fsantelices@shutts.com
- **Robert C Furr**   bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- **Solomon B Genet**   sgenet@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Solomon B Genet**   sgenet@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **John H Genovese**   jgenovesc@gjb-law.com, hburke@gjb-law.com;gjbccf@gjb-law.com
- **Daniel L. Gold**   dan.gold@wilsonelser.com, alma.cuevas@wilsonelser.com;Jackie.Benitez@wilsonelser.com;Thomas.Manisero@wilsonelser.com
- **Michael I Goldberg**   michael.goldberg@akerman.com, charlene.cerda@akerman.com
- **Lawrence Gordich**   LAG@gordichalagna.com, mma@gordichalagna.com
- **Scott M. Grossman**   grossmansm@gtlaw.com, scottla@gtlaw.com;MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com
- **Matthew W Hamilton**   e-notice@fulcruminv.com
- **Zachary N James**   zjames@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Kenneth M Jones**   kjones@moodyjones.com
- **Michael A Kaufman**   michael@mkaufmanpa.com, diamondmk@aol.com;kaufmanesq@gmail.com;kwatson@mkaufmanpa.com
- **Stephen J Kolski Jr**   stevekolski@skolskilaw.com, jessica@skolskilaw.com
- **Harris J. Koroglu**   hkoroglu@shutts.com, fsantelices@shutts.com
- **James A Lodoen**   jlodoen@lindquist.com, ghildahl@lindquist.com
- **Corali Lopez-Castro**   clc@kttlaw.com, rcp@kttlaw.com
- **David S Mandel**   dmandel@mandel-law.com, susan@mandel-law.com
- **Joshua A Marcus**   jmarcus@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Joshua A Marcus**   jmarcus@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Aleida Martinez Molina**   amartinez@wsh-law.com, jfuentes@wsh-law.com
- **Paul J McMahon**   pjm@pjmlawmiami.com
- **Brian M Mckell**   brian.mckell@wilsonelser.com, lourdes.riestra@wilsonelser.com
- **Yvonne F Mizusawa**   yvonne.f.mizusawa@frb.gov
- **James C. Moon**   jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Patrick M Mosley**   pmosley@hwhlaw.com, telam@hwhlaw.com
- **Barry E Mukamal**   bcmtrustec@kapilamukamal.com, FL64@ecfcbis.com
- **Barry E Mukamal**   bankruptcy@marcumllp.com, FL64@ecfcbis.com
- **Barry E. Mukamal**   bcmtrustee@kapilamukamal.com
- **David J Myers**   myers@fsblegal.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Leslie S. Osborne**   office@rorlawfirm.com
- **Kristopher E Pearson**   kpearson@stearnsweaver.com,
  mmasvidal@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;larrazola@stearnsweaver.com;cgraver@st
- **Jennifer H Pinder**   Jennifer.pinder@myfloridalegal.com, zivile.rimkevicius@myfloridalegal.com;angela.godbey@myfloridalegal.com
- **Chad P Pugatch**   cpugatch.ecf@rprslaw.com
- **Cristopher S Rapp**   csrapp@jones-foster.com,
  eservice@tobinreyes.com;dboentgen@tobinreyes.com;hvaldes@tobinreyes.com;rar@tobinreyes.com;mhorton@tobinreyes.com
- **Cristopher S Rapp**   csrapp@tobinreyes.com,
  eservice@tobinreyes.com;dboentgen@tobinreyes.com;hvaldes@tobinreyes.com;rar@tobinreyes.com;mhorton@tobinreyes.com

EXHIBIT 1

- **Patricia A Redmond**     predmond@stearnsweaver.com,
  jmartinez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese@akingump.com
- **Patricia A Redmond**     predmond@stearnsweaver.com,
  jmartinez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese@akingump.com
- **Jason S Rigoli**     jrigoli@furrcohen.com, sscott@furrcohen.com;atty_furrcohen@bluestylus.com
- **Kenneth B Robinson**     krobinson.ecf@rprslaw.com
- **Joseph Rodowicz**     bankruptcy@rodowiczlaw.com, rodowiczlaw@gmail.com
- **Robin J. Rubens**     rjr@lklsg.com, esf@lklsg.com
- **Peter D. Russin**     prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;ltannenbaum@ecf.inforuptcy.com
- **Luis Salazar**     salazar@salazarjackson.com,
  jackson@salazarjackson.com;cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com
- **Franklin H Sato**     fsato@wickersmith.com, alazaro@wickersmith.com
- **Bradley M Saxton**     bsaxton@whww.com, scolgan@whww.com;rweinman@whww.com;arox@whww.com
- **Michael L Schuster**     mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com
- **Patrick S. Scott**     patrick.scott@gray-robinson.com
- **Michael D. Seese**     mseese@seeselaw.com, sseward@seeselaw.com
- **Steven E Seward**     steven.seward@gmail.com
- **Bradley S Shraiberg**     bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-
  pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com
- **Paul Steven Singerman**     singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Jeffrey I. Snyder**     jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **James S Telepman**     jst@fcohenlaw.com
- **Charles W Throckmorton**     cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com
- **Charles W Throckmorton**     cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com
- **Trustee Services Inc 2**     court@trusteeservices.biz, sandirose.magder@gmail.com
- **Skipper J Vine**     jonathan.vine@csklegal.com, Stefanie.copelow@csklegal.com;iraida.avila@csklegal.com;denise.allwine@csklegal.com
- **Skipper J Vine**     jonathan.vine@csklegal.com, Stefanie.copelow@csklegal.com;iraida.avila@csklegal.com;denise.allwine@csklegal.com
- **Jessica L Wasserstrom**     jwasserstrom@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Jessica L Wasserstrom**     jwasserstrom@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Morris D. Weiss**     morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com
- **George L. Zinkler**     gzinkler.ecf@rprslaw.com